**VIGNOVICH v. GREAT LAKES S. S. CO., Inc.**
**No. 1124.**

District Court, W. D. New York.

Nov. 20, 1942.

Carnes & Hetzelt, of Buffalo, N. Y., for plaintiff.

Duncan, Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio (Stanley & Otten, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is a motion by the defendant to strike the "Third" paragraph of the complaint on the ground that the averment is not "simple, concise, and direct." Rule 8 (e) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is clear that the aforesaid paragraph does not meet the requirements of this rule. To demonstrate this the numerous repetitious allegations as to negligence are herein set forth. They are as follows:

(1) "in negligently failing to provide safe place and safe way to perform his work."

(2) "in permitting and allowing lumps of coal to remain upon the beam in the coal bunker."

(3) "in failing to remove the same, after defendant was apprised of said condition and knew it and knew that the employees, particularly the plaintiff, would have occasion to work thereat and that he might be caused to sustain injury when said lump of coal would fall."

(4) "in failing to warn or apprise said plaintiff."

(5) "in negligently failing to inspect, prevent and clean said accumulation of lumps after defendant was apprised of said condition and had ordered one of its servants to clean the same; that said employee only cleaned the shelves permitting lumps to accumulate on the beam."

(6) "in negligently failing to exercise ordinary care for plaintiff's life and limb while he was employed on the vessel."

(7) "in negligently knowing, ordering, permitting and allowing plaintiff to work thereat after defendant was apprised of said condition."

(8) "defendant failed and neglected to clean said lump of coal off said beam."

(9) "in negligently and carelessly maintaining and providing a defectively constructed coal bunker; negligently and care-

lessly failing and neglecting to provide adequate, proper, and reasonably safe appliances in said coal bunker."

(10) "in negligently permitting, ordering, and allowing plaintiff to work thereat as described aforesaid, when defendant knew, or in the exercise of ordinary care should have known of the perilous position of the plaintiff, after having been apprised of said coal bunker; * * *".

(11) "in negligently and carelessly failing and neglecting to properly supervise or regulate or direct the work of cleaning the shelves and beams, and employing and delegating to plaintiff's immediate superiors, supervision of the coal bunker, when they were incompetent to perform and supervise such work."

As pointed out by the defendant, the averment of this paragraph is also violative of Rule 8 (a) (2).

The motion to dismiss is granted, and the plaintiff is allowed twenty days in which to amend, if so advised.