**GREEN BAY PACKAGING, INC., a corporation, Plaintiff,**

v.

**HOGANSON & ASSOCIATES, INC., a corporation, and Allan Hoganson, Defendants,**

**Structo Division of King-Seeley Thermos Co., a corporation and Newell Mfg. Co., a corporation, Additional Defendants on Counterclaim.**

No. 72 C 59.

United States District Court,
N. D. Illinois.

Aug 7, 1973.

James G. Madden, Freeport, Ill., and John W. Hein, Milwaukee, Wis., Hunter,

---

Hunter & Madden, Freeport, Ill., Gibbs, Roper & Fifield, Milwaukee, Wis., for plaintiff counter claim defendant.

John G. Garrity, Holtan & Garrity, Freeport, Ill., for defendant counter claim plaintiff.

## MEMORANDUM OPINION AND ORDER.

BAUER, District Judge.

This cause comes on the plaintiff's motion to strike or dismiss the defendants' six count counterclaim.

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. Jurisdiction of this Court is based on diversity of citizenship. It is alleged by the plaintiff that the matter in controversy exceeds $10,000 exclusive of interest and costs.

The plaintiff, Green Bay Packaging, Inc. ("Green Bay"), is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at Green Bay, Wisconsin. It is engaged in the manufacture and sale of paperboard corrugated containers.

The defendant Hoganson and Associates, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at Freeport, Illinois. It is engaged in the business of selling on commission and acting as a manufacturer's representative. Defendant Allan Hoganson is a resident of Freeport, Illinois and is the principal owner and control person of Hoganson & Associates, Inc.

The plaintiff in the complaint alleges, *inter alia*, the following facts:

1.  On or about January 1961, plaintiff entered into an oral arrangement with the defendant Allan Hoganson, who was doing business as Hoganson & Associates, an unincorporated entity. The defendant indicated that he would procure sales of plaintiff's product to the Structo Manufacturing Company ("Structo") in Freeport, Illinois, in return for which he would receive a five percent (5%) brokerage commission. This arrangement was never formalized. An attempt was made in 1961 to reduce said arrangement to writing, but no meeting of the minds was achieved, and, consequently, the arrangement remained oral. Defendant Hoganson & Associates, Inc. became incorporated in the State of Illinois and succeeded to the Business of Hoganson & Associates. During the period from 1961 to 1970, defendant played an increasingly less active role in obtaining orders from Structo, as a reflection of which all of the parties twice arranged to reduce the percentage commission to be paid defendants on sales to Structo. Finally, in 1970, Structo requested of plaintiff that it be allowed to deal directly with the plaintiff. The existing arrangement provided that whenever an order was accepted from Structo, a commission was paid to Hoganson & Associates, Inc. The continued efforts to enter into a contract failed, for the parties were unable to agree upon the key terms which were necessary for any proper agreement.

2.  On or about March, 1963, plaintiff entered into an oral arrangement with defendant Allan Hoganson, doing business as Hoganson & Associates, an unincorporated entity, whereby the defendant indicated that he would procure sales of plaintiff's products to Newell Manufacturing Company ("Newell") in Freeport, Illinois, in return for which he would receive a five percent brokerage commission. Due to the previous failure of the parties to agree upon a contract concerning Structo, the parties did not attempt to reduce this arrangement as to sales to Newell to writing. Again over the years,

defendants also assumed an increasingly less active role in obtaining orders from Newell, as a reflection of which all of the parties twice arranged to reduce the percentage of commission to be paid to defendant on sales to Newell. In 1970, Newell also requested that it be allowed to deal directly with the plaintiff.

3. The two above described arrangements between plaintiff and defendants were terminated by specific agreement of the parties on April 28, 1970, effective May 1, 1970. Letters to this effect were sent by plaintiff to Structo and Newell on May 5, 1970, advising them that, henceforth, they could deal directly with plaintiff. Pursuant to its termination agreement with defendants, plaintiff agreed to pay defendants' commission not only on those orders accepted prior to termination, but also any orders accepted from either Structo or Newell for the remainder of the calendar year. Purchase orders were received by plaintiff directly from Structo and Newell during this period, and defendants were offered, and accepted, payment of a commission on all orders accepted by plaintiff through December 31, 1970.

4. A dispute exists between the parties with respect to the foregoing matter. It is the position of the plaintiff that the above described arrangements between plaintiff and defendants have been absolutely terminated, with defendants having no further rights, privileges, claims, obligations or responsibilities thereunder. The plaintiff has the following reason for its position:

a. that any claimed contract or agreement was void *ab initio* for vagueness and uncertainty, and consequently would be unenforceable;

b. that having accepted the benefits of plaintiff's payment of commissions in the face of an inability to come to agreement, defendants are estopped to claim on agreement;

c. that any purported agreement is unenforceable for failure to comply with the Statute of Frauds, Chapter 59, Section 1 of the Illinois Revised Statutes;

d. regardless of the terms of the purported arrangement, defendants accepted payment of commissions from May 1, 1970 through December 31, 1970, in termination of said arrangement which was adequate consideration for the agreed terms of an accord and satisfaction, as a result of which any further claims of defendants are barred.

The defendants have filed a six count counterclaim against the plaintiff.

In Count I of the counterclaim the defendants claim that the plaintiff breached an oral contract between the parties relating to sales to Structo by refusing and failing to pay to defendants after January 1, 1971 the commissions due pursuant to the contract. The defendants seek an accounting by the plaintiff of all sales made by it to Structo from January 1, 1971 to the date of the accounting, payment of commissions due based on the accounting and costs of maintaining this action.

In Count II the defendants claim on information and belief that during 1970 Structo promised and agreed with plaintiff that Structo would by a course of continuing conduct shut out and discourage defendant Allan Hoganson from communicating with Structo personnel regarding matters relating to the instant contract and sales. On information and belief the defendants further allege that the plaintiff in return for the shut out of the defendant agreed with Structo that it would after January 1, 1971 reduce its prices on sales to Structo as

an allowance or discount in lieu of the brokerage commissions which had theretofore been included in said prices, and which allowance or discount was the equivalent of the brokerage commission previously paid to defendants. This agreement and conduct of plaintiff and Structo was in violation of 15 U.S.C. § 13(c). The defendants seek an accounting of all sales made by it to Structo from January 1, 1971 to the date of the accounting, treble damages against the plaintiff for unpaid commissions due under the oral contract, and the cost of maintaining the instant action.

In Count III the defendants claim that the plaintiff breached an oral contract between the parties relating to sales to Newell by refusing and failing to pay defendants after January 1, 1971 the commissions due according to the oral contracts. The defendants seek an accounting by the plaintiff of all sales made by it to Newell from January 1, 1971 to the date of the accounting, payment of commissions due based on the accounting and the cost of maintaining this action.

In Count IV of the counterclaim the defendants allege on information and belief that during the year of 1970 Newell promised and agreed with plaintiff that Newell would by a course of continuing conduct shut out and discourage defendant Allan Hoganson from communicating with Newell personnel regarding matters relating to the instant contract and sales. On information and belief the defendants further allege that the plaintiff in return for the shut out of the defendant agreed with Newell that it would after January 1, 1971 reduce its prices on sales to Newell as an allowance or discount in lieu of brokerage commissions which had heretofore been included in the prices, and which allowance or discount was the equivalent of the brokerage commissions previously paid to defendants. This agreement and conduct of the plaintiff and Newell was in violation of 15 U.S.C. § 13(c). The defendants seek an accounting of all sales

made by it to Newell from January 1, 1971 to the date of the accounting, treble damages against the plaintiff for unpaid commissions due under the oral contract and the cost of maintaining this action.

In Count V the defendants reiterate the charges made in Counts I and II and seek treble damages against Structo for commissions due under the oral contract plus the cost of maintaining the instant action.

In Count VI of the counterclaim the defendant again reiterates the charges made in Counts III and IV and seek treble damages against Newell for commissions due under the oral contract plus the cost of maintaining the instant action.

The plaintiff has responded to the instant counterclaim as follows:

1. A motion to strike Count I on the grounds that it is redundant in so far as plaintiff's demand for relief already prays for a determination of the rights of the parties to the agreement.

2. A motion to dismiss Count II for failure to state a claim against the plaintiff upon which relief can be granted.

3. A motion to strike Count III on the grounds that it is redundant insofar as plaintiff's demand for relief already prays for a determination of the rights of the parties to the agreement in question.

4. A motion to dismiss Counts IV, V, and VI for failure to state a claim against the plaintiff upon which relief can be granted.

The defendants in opposition to the instant motions contend that Counts I and III are proper counterclaims and Counts II, IV, V and VI do state a cause of action under 15 U.S.C. §§ 13(c) and 15.

It is the opinion of this Court that the plaintiff's motions to strike or dismiss the six counts of the counterclaim are meritorius.

## I. COUNTS I AND III OF THE COUNTERCLAIM ARE REDUNDANT IN LIGHT OF THE INSTANT COMPLAINT AND SHOULD BE STRICKEN.

■ The plaintiff's complain seeks declaratory relief as to the contractual rights of the parties, namely a declaration as to whether the plaintiff is liable to defendants for commissions on sales after January 1, 1971. The defendants in Counts I and III of the counterclaim request this Court to determine the identical issue from the defendants' perspective. It is clear to this Court that Counts I and III of the counterclaim merely restate an issue already before this Court. That issue will be determined by the litigation of the instant complaint. It is well settled that such repetitious and unnecessary pleadings should be stricken. Control Data Corp. v. International Business Machine Corp., 306 F.Supp. 839 (D.Minn.1969) appeal denied 421 F.2d 323 (8th Cir. 1970), aff'd 430 F.2d 1277 (8th Cir. 1970); United States F & G Co. v. Pierson, 89 F.2d 602 (8th Cir. 1937); Vignovich v. Great Lakes S. S. Co. Inc., 3 F.R.D. 69 (W.D.N.Y.1942); Chambers v. Cameron, 29 F.Supp. 742 (N.D.Ill.1939).

## II. COUNTS II, IV, V, AND VI OF THE COUNTERCLAIM FAIL TO ADEQUATELY STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The defendants in Counts II, IV, V, and VI allege that the plaintiffs Structo and Newell violated Section 2(c) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(c). More specifically, the defendants allege that the plaintiff agreed with Newell and Structo to "shut out" defendants and to reduce the price of plaintiff's products sold to those accounts (Newell and Structo) in an amount equivalent to the brokerage commission previously paid defendants. The defendants contend that this alleged reduction is an allowance or discount in lieu of a brokerage commission which violates the Robinson-Patman Act.

■ The change in the relationship between a buyer and seller resulting in the elimination of a broker does not, *per se*, fall within the scope of anticompetitive practices prohibited by federal anti-trust laws. A manufacturer's elimination of a middleman to deal directly with the buyer does not offend the federal anti-trust laws. B & B Oil & Chemical Co. v. Franklin Oil Corp., 293 F.Supp. 1313 (E.D.Mich.1968). *Cf.* F. T.C. v. Henry Broch & Company, 363 U. S. 166, 80 S.Ct. 1158, 4 L.Ed.2d 1124 (1960).

■ Federal courts have refused to construe the Robinson-Patman Act as prohibiting conversion to direct selling and passing on any savings to the buyer. Robinson v. Stanley Home Products, Inc., 272 F.2d 601 (1st Cir. 1959). See also Cornwell Quality Tools Co. v. C.T.S. Co., 446 F.2d 825 (9th Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 715, 30 L.Ed.2d 740; Empire Rayon Yarn Co. v. American Viscose Corp., 364 F..2d 491 (2nd Cir. 1966), cert. denied, 385 U.S. 1002, 87 S.Ct. 704, 17 L.Ed.2d 541. The thrust of the defendants' contention is that a manufacturer who makes a price reduction when he converts to direct selling has, without more, made an allowance in lieu of brokerage. The defendant's contention is tantamount to declaring that manufacturers cannot so convert, or if done, the Robinson-Patman Act forbids passing on any saving to customers. Such a construction of the Robinson-Patman Act is legally improper, and practically speaking, unsound. The defendants' mere conclusory allegations in Counts II, IV, V, and VI are not sufficient to adequately state a cause of action against the plaintiffs Structo or Newell. Robinson v. Stanley Home Products, Inc., *supra.*

Accordingly, it is hereby ordered that the defendants' motions to strike or dismiss the six counts of the counterclaim are granted.