Charles Comer BOYETT, Jr.,
*v.* Harriett Hoffman BOYETT

79-329                                         598 S.W. 2d 86

Supreme Court of Arkansas
Opinion delivered May 12, 1980

*Lightle, Beebe & Raney*, by: *Mike Beebe*, for appellant.

*Stephen Engstrom* and *Wright, Lindsey & Jennings*, for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant, Charles Comer Boyett, Jr., filed a complaint for divorce on June 6, 1979, and appellee Harriett Hoffman Boyett filed her answer and cross-complaint on June 22, 1979. Appellant filed his answer to the cross-complaint on Sept. 17, 1979. On October 2, 1979, appellant filed a motion for declaratory judgment, asking that the chancery court declare that Ark. Stat. Ann. § 34-1214 (Repl. 1962), rather than Act 705 of 1979, controls the disposition and division of property, if a divorce should be granted. After a hearing on the motion was held on November 8, 1979, the chancellor held that Act 705 of 1979, not Ark. Stat. Ann. § 34-1214, was controlling. In the declaratory judgment, the court stated that the judgment was final and appealable. We do not agree with the chancellor in respect to the finality of the judgment and dismiss the appeal.

In *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W. 2d 605, we stated the requisites of finality essential to appealability of an order or judgment of a trial court. We said:

> * * * For a judgment to be final and appealable, it must in form or effect: terminate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the ` expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy.

The declaratory judgment met none of these requirements. In *Johnson*, we further said:

> * * * An appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding, leaving something remaining to be done by the court entering the order or by some court having jurisdiction to entertain the same and proceed further therewith.

See also, *Allred* v. *National Old Line Ins. Co.*, 245 Ark. 893, 435 S.W. 2d 104; *H.E. McConnell & Son* v. *Sadle*, 248 Ark. 1182, 455 S.W. 2d 880.

The filing of the motion for a declaratory judgment in the divorce proceeding was nothing more than a request that the trial court make a preliminary declaration of law. The declaratory judgment was nothing more than an interlocutory order.

We are not unaware of the statement in *City of Batesville* v. *Ball*, 100 Ark. 496, 140 S.W. 712, Ann. Cas. 1913C 1317, that when an issue of law is passed upon by a court and an order is made which determined the rights of the parties in the action so far as that court is concerned, then such order becomes the final determination of the cause from which an appeal will lie. But this order is not appealable under that rule. The order in this case did not finally determine the rights of the parties. The parties are not divorced, and we do not know that they ever will be. The trial court's judgment was merely a declaration of law. Such a declaration in a separate and independent action filed under Ark. Stat. Ann. § 34-2501 et seq (Repl. 1962) when a justiciable controversy exists, in anticipation of future litigation, would be proper and the judgment appealable. *Andres* v. *First Arkansas Development Finance Corp.*, 230 Ark. 594, 324 S.W. 2d 97. But declaratory relief is not proper when the identical questions involved in the declaratory judgment proceeding are already at issue between the parties in a pending action. *Mid-State Construction Co.* v. *Means*, 245 Ark. 691, 434 S.W. 2d 292; *City of Cabot* v. *Morgan*, 228 Ark. 1084, 312 S.W. 2d 333. Cf. *Green Bay Packaging Co., Inc.* v. *Hoganson & Associates, Inc.*, 362 F. Supp. 78 (N.D., Ill., 1973). The fact that the request for a declaratory judgment was made by motion in the pending proceeding does not alter the situation. Declaratory judgment procedure is not proper as a means of trying a case, or of various issues involved in it, by piecemeal. *Western Contracting Corp.* v. *National Surety Corp.*, 163 F.2d 456 (4 Cir. 1947); *Yellow Cab Co.* v. *City of Chicago*, 186 F. 2d 946 (7 Cir., 1951); *Gamble-Skogmo, Inc.* v. *McNair Realty Co.*, 98 F. Supp. 440 (D.C., Mont.), aff'd. and opinion adopted, 193 F. 2d 876 (9 Cir., 1952); *W.R. Grimshaw Co.* v. *Nazareth Literary &*

*Benevolent Institution*, 113 F. Supp. 564, (E.D., Ark., 1953). See also, *Green Bay Packaging, Inc.* v. *Hoganson* & Associates, Inc., supra.

The declaratory judgment in this case would permit not only piecemeal trial of this action but would also permit piecemeal appeals if we considered it as an appealable order rather than an interlocutory one. Whatever effect the trial court may give the order in further proceedings, it is interlocutory insofar as appealability is concerned. It is true that neither party raised the question of appealability, but this question is raised by the court on its own motion. *H.E. McConnell & Son* v. *Sadle,* supra.

We have not overlooked Rule 52 of the Rules of Civil Procedure. Ark. Stat. Ann. Vol. 3A (Repl. 1979). Before a judgment can be final under that rule, it must be final as to one or more of the claims presented in the action. In order for there to be such a judgment, the action of the court must finally determine a *claim*. A mere declaration of law does not finally determine any claim.

The appeal is dismissed.

HICKMAN, J., not participating.