## Cora MARTIN *v.* BLACK & WHITE CAB COMPANY

94-224 901 S.W.2d 17

Supreme Court of Arkansas
Opinion delivered July 17, 1995

*The Law Offices of Peter Miller*, by: *Lynn D. Lisk*, for appellant.

*John Wesley Hall, Jr., P.C.*, for appellee.

Tom Glaze, Justice. On July 21, 1992, appellant Cora Martin was a passenger in a taxicab owned by appellee Black & White Cab Co., Inc. when the cab was rearended by another vehicle driven by Carolyn Washington. Martin filed a petition for declaratory judgment claiming, among other things, that Washington was uninsured, and therefore, Martin's claims were uncovered if Washington was ultimately found at fault. Martin further alleged that Black & White Cab had no uninsured motorist cov-

erage as required under Ark. Code Ann. § 23-16-302 (Supp. 1993).[1] Instead, the cab company, she alleged, had placed a certificate of deposit as collateral in the sum of $50,000 with the state pursuant to the terms of a licensing statute, Ark. Code Ann. § 27-14-1501(c) (Repl. 1994). Martin further averred that, under § 27-14-1501(c)(2), Black & White Cab was permitted to post such a certificate for all claims against its fleet of vehicles in lieu of obtaining liability insurance. Under her interpretation of these statutory laws, Martin asserted she was entitled to have her claim paid out of the cab company's collateral deposit in the event uninsured motorist Washington was found to be at fault. In sum, Martin contended below, and now in this appeal, that, under a reading of the foregoing statutory laws, Black & White Cab, as a common carrier, was required to provide coverage to protect passengers, like herself, against accidents involving an uninsured motorist.

Black & White Cab answered Martin's petition by denying any fault for Martin's alleged injuries. It further denied that Washington was uninsured, and in fact, the cab company rejoined that Washington had produced proof of insurance to the officer who investigated the collision. In addition, the cab company asserted that proof Washington was uninsured was a prerequisite to Martin's request for declaratory relief, and without such proof, any declaration of law made by the trial court in interpreting §§ 23-16-302 and 27-14-1501(c) would be advisory.

At a hearing on November 18, 1993, counsel for Martin and Black & White appeared and Martin's attorney, Lynn Lisk, explained Martin sought declaratory relief, requesting the trial court to declare that the statutory law requires Black & White to pay uninsured motorist benefits. Lisk said that he hoped Black & White's counsel, Mark Jesse and John Wesley Hall, Jr., would stipulate that the accident happened, and, at least for purposes of the hearing, hoped they would agree that fault rested with Wash-

---

[1]Section 23-16-302 provides as follows:

Every common carrier, as defined by § 23-16-301, shall carry uninsured motorist liability insurance or shall become a self-insurer, in not less than the limits described in § 27-19-605, for the protection of passengers and operators of the common carrier who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease including death, resulting therefrom.

ington and that Washington was uninsured. Hall responded that he was not comfortable with stipulating to Washington being uninsured.

Following the foregoing initial remarks, respective counsel discussed their views concerning the statutory law raised in Martin's complaint and argument, and during the discourse between counsel, the trial court appeared to side with Black & White's position that the cab company was not liable for uninsured claims under its certificate of deposit. Then, the court and counsel returned to their earlier discussion of the facts, particularly whether Washington was uninsured. The record reflects the relevant following colloquy on this point:

MR. LISK: Your Honor, if I could briefly, I would just — I mean, that was the whole issue we were here for. If they could just stipulate that the other driver, for the purposes of this hearing, was uninsured, then I would say that you have —

THE COURT: Well, as I understand, he's not —

MR. LISK: — made a finding on the merits as to the argument and it's ready for a final judgment for appeal.

THE COURT: I don't think he's ready to concede that, though, are you?

MR. HALL: If that'll make your order today final and dispose of the case, we would stipulate to that for purposes of this.

THE COURT: Okay, yeah.

MR. LISK: Right.

MR. HALL: *If we ever get to the liability part, we wouldn't want to be held to our stipulation in this case.*

MR. LISK: *And we would certainly agree to that.*

THE COURT: *Okay.*

MR. LISK: *We will certainly agree that we're just seeking a final judgment from this Court to raise the appeal —*

THE COURT: *Sure. Include that in the order, that stipulation.*

MR. JESSE: *All right.*

THE COURT: *And that way maybe this will be all of it and maybe not. We'll see. Okay?*

MR. LISK: All right. Thank you, Your Honor.

THE COURT: All right. Thank you all for being here.

(Emphasis added.)

■ The parties and the trial court obviously were trying to word a precedent to make it final and therefore appealable. Clearly, the parties were aware the appeal was interlocutory in nature, and if this court on appeal reversed the trial court's decision, they agreed Black & White Cab Company retained the right to litigate, on retrial, whether the third party, Washington, was insured at the time of the collision. Washington was not made a party to this litigation, and at this stage, at least, we do not know what her (or her insurance company's) testimony will be on the coverage issue; nor could the parties here by factual stipulations bind Washington on that issue. In any event, this court will not countenance "conditional" stipulations by parties designed to obtain interlocutory appeals on issues or matters which are not final or fall within the context of Ark. R. App. P. 2.

■ In conclusion, we note that the trial court's order reflects the parties entered into stipulations and one of those provides that Washington's vehicle was uninsured at the time of the accident. As previously discussed, that stipulation was entered into for the sole purpose of entering a final order from which an appeal could be made; however, there is *nothing* in the record which supports the view that either party intended to preclude Black & White from trying this third-party uninsured coverage issue at a later time, and it would be unfair to read the order to permit such a preclusion. It is this very significant factual issue which remains pending below between the parties and causes this appeal to be interlocutory and advisory in nature.

For these reasons, we dismiss the appeal.

NEWBERN, BROWN and ROAF, JJ., dissent.

ROBERT L. BROWN, dissenting. Today's opinion by the majority undercuts the conclusiveness of final judgments and orders. The opinion goes behind the final order in this case to determine what the parties "really meant," even though that interpretation is at odds with the express language of the order.

Counsel for Black & White Cab prepared the judgment. There is no hint in it that the order is conditional in any respect, even though the trial court admonished counsel to include the conditional language. Indeed, the order states just the opposite. It finds that the third party tortfeasor was uninsured.

Why counsel for Black & White Cab changed his mind and prepared a final order rather than a conditional order can only be the subject of speculation. But he did, and Black & White Cab raised no argument that the judgment was anything but final in its brief on appeal. This court raised the issue for the first time in oral argument.

This court has often discussed the finality of orders and judgments. For example, we have stated:

> For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Jackson* v. *Yowell*, 307 Ark. 222, 818 S.W.2d 950 (1991). To be final, an order must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the litigation or a separable part of it. *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987). *See also Bonner* v. *Sikes*, 20 Ark. App. 209, 727 S.W.2d 144 (1987).

*Kelly* v. *Kelly*, 310 Ark. 244, 245, 835 S.W.2d 869, 870-871 (1992); *see also Estate of Hastings* v. *Planters and Stockmen Bank*, 296 Ark. 409, 757 S.W.2d 546 (1988).

Black & White Cab was bound by the final order in this case which included (a) an express finding that the third party had no liability insurance, (b) a declaration that uninsured motorist coverage was not required by Black & White Cab, and (c) a dismissal of the case. Had Black & White Cab desired to retain any rights in the order or to limit the order's finality, it could easily have done so. It did not, and any conditional stipulation by the

company's attorney at the hearing was superseded by the terms of the later order.

Our law is clear that a declaratory judgment, whether affirmative or negative in form and effect, shall have the force and effect of a final judgment. Ark. Code Ann. § 16-111-103 (1987). Moreover, assuming that the order was in error in not restricting its finality with regard to the tortfeasor's insurance status, counsel for Black & White Cab should have resorted to a post-judgment remedy before the circuit court. *See Oglesby* v. *Baptist Medical System*, 319 Ark. 280, 891 S.W.2d 48 (1995). Counsel also failed to pursue this avenue of relief. Martin had no choice but to appeal the order. The order was devoid of ambiguity, and in it the circuit court ruled against her on the statutory conflict and dismissed her petition.

In going behind the final order in this case, we open the door to considerable uncertainty concerning judgments, decrees and orders. I would adhere to longstanding precedent and reach the merits of this case.

I respectfully dissent.

NEWBERN and ROAF, JJ., join in this dissent.