Curtis F. VANDERPOOL *v.* FIDELITY & CASUALTY INSURANCE COMPANY

95-264                                    908 S.W.2d 653

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Dabbs, Graham & Pometree,* by: *Jeffrey M. Graham,* for appellant.

*Laser, Wilson, Bufford & Watts,* P.A., by: *Brian Allen Brown* and *Walter Kendel, Jr.,* for appellee.

ROBERT H. DUDLEY, Justice. Appellant Curtis Vanderpool was driving a truck for his employer, Jackson Cookie Company, when the truck collided with a car being driven by Vicki Lynn Kaiko. Subsequently, appellant Vanderpool and Jackson Cookie Company's workers' compensation carrier, appellee Fidelity and Casualty Insurance Company, entered into a joint petition for approval of settlement. *See* Ark. Code Ann. § 11-9-805 (1987). The joint petition was approved by the Workers' Compensation Commission.

Appellee Fidelity filed a complaint against Kaiko in which it alleged entitlement to a first lien on two-thirds of any net pro-

ceeds appellant Vanderpool might recover against her, up to the amount of compensation Fidelity had paid Vanderpool. Subsequently, appellant Vanderpool filed a suit for personal injuries against Kaiko. The trial court consolidated the two cases.

Appellant Vanderpool filed a motion for declaratory judgment in which he asked the trial court to declare that the statutory lien of appellee Fidelity against any judgment which Vanderpool might obtain against Kaiko was extinguished by the joint petition. In his motion, he contended that appellee Fidelity relinquished its lien in the settlement. Appellee Fidelity responded that the relinquishment of the subrogation rights was not part of the settlement agreement and a court cannot unilaterally alter terms of a settlement. On November 30, 1994, the trial court denied Vanderpool's motion for declaratory judgment. The trial court was not asked to make a determination that there is no just reason for delay in appeal. *See* ARCP Rule 54(b). On December 15, 1994, Vanderpool gave notice of appeal from the order denying the motion for declaratory judgment. We dismiss the appeal because there has been no final order.

■ The Declaratory Judgment Act states that "declarations shall have the force and effect of a final judgment or decree." Ark. Code Ann. § 16-111-103(a)(2). However, they are not appealable unless they end the controversy or a severable part of it. If some relief remains to be granted, or a significant factual issue remains pending below, then the order is not final. *Martin* v. *Black & White Cab Co.*, 321 Ark. 432, 901 S.W.2d 17 (1995). If an order leaves open significant issues relating to damages and relief, then the order is not final and appealable. *Martin*, 321 Ark. at 435, 901 S.W.2d at 19; *see also Peterson* v. *Lindner*, 765 F.2d 698 (7th Cir. 1985). A declaratory judgment does not automatically become final and appealable if issues relating to further relief have yet to be determined in the case. *UHS of Ark., Inc. v. Charter Hosp. of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988). However, if the plaintiffs are granted the only relief they sought, a declaratory judgment, the judgment is final and subject to appeal. *United States* v. *State of Washington*, 759 F.2d 1353 (9th Cir. 1985).

■ The case of *Boyett v. Boyett*, 269 Ark. 36, 598 S.W.2d 86 (1980) is instructive. In that case, Mr. Boyett filed for divorce on June 6, 1979, and Mrs. Boyett filed an answer and cross-com-

plaint on June 22, 1979. *Id.* at 36, 598 S.W.2d at 87. On October 2, 1979, Mr. Boyett filed a motion for declaratory judgment, asking the court to declare that Ark. Stat. Ann. § 34-1214 (Repl. 1962), rather than Act 705 of 1979, controls the disposition of property. *Id.* The chancellor held that Act 705 was controlling and stated that the judgment was final and appealable. To the contrary, we stated the requisites of finality as follows:

> For a judgment to be final and appealable, it must in form or effect: terminate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy.

> . . .

> An appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding, leaving something remaining to be done by the court entering the order or by some court having jurisdiction to entertain the same and proceed further therewith.

*Id.* at 37, 598 S.W.2d at 87 (quoting *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967)). In order for a judgment to be final, the action of the court must finally determine a claim. *Id.* at 39, 598 S.W.2d at 88. We held that the filing of the motion was nothing more than a request for the trial court to make a preliminary declaration of law, making it nothing more than an interlocutory order. *Id.* at 38, 598 S.W.2d at 88.

██ The record before us does not show that there has been a final disposition of this claim. In his reply brief, appellant Vanderpool states that he and Kaiko entered into a negotiated settlement and that "a sum of money has been paid by Kaiko tendering a check made out to Vanderpool and Fidelity." However, there is no evidence of a settlement in either the abstract or the record. It is incumbent upon an appellant to bring up a record sufficient for the court's review. *Lindsey* v. *State*, 319 Ark. 132, 890 S.W.2d 132 (1994). Thus, we dismiss for lack of a final judgment.

Appeal dismissed.

GLAZE, J., not participating.