Ralph DOUTHITT, Appellant *v.* Tammy DOUTHITT,
Appellee; Misty Wilson, Appellee-Intervenor

96-421                                          930 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered October 21, 1996

*Tiner & Hunter*, by: *Kenneth W. Haynes*, for appellant.

*Leroy Blankenship*, for appellees.

DONALD L. CORBIN, Justice. Appellant Ralph Douthitt appeals the judgment of the Independence County Chancery Court providing for distribution of marital property between himself and his former wife, Appellee Tammy Douthitt, and awarding $75,000.00 compensatory damages to his stepdaughter, Appellee-Intervenor Misty Wilson, pursuant to her tort claim of outrage. Because this case presents us with a question on the law of torts, jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(15). Appellant raises two points on appeal: (1) The trial court erred in making a disproportionate division of the marital property; and (2) the trial court erred in granting monetary damages to his stepdaughter on her intervening tort complaint. For separate reasons detailed below, we do not reach the merits of either point.

### I. Disproportionate Division of Marital Property

For his first point on appeal, Appellant argues that the trial court erred in awarding a disproportionately large amount of the marital property to Appellee Tammy Douthitt. In response, Appellee asserts that because Appellant did not raise this issue below in the trial court, he is now procedurally barred from doing so on appeal. We agree.

Our review of the proceedings below reveals that no objection was made by Appellant and that this issue was not

brought to the attention of the chancellor. This court has repeatedly stated that an argument which is raised for the first time on appeal is not properly preserved for appellate review and will not be addressed. *Sebastian Lake Pub. Util. Co., Inc.* v. *Sebastian Lake Realty*, 325 Ark. 85, 923 S.W.2d 860 (1996); *Marsh & McLennan of Arkansas* v. *Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995). Hence, we decline to address the merits on appeal, and we affirm the trial court's ruling.

## II. Intervenor's Tort Claim

For his second point, Appellant argues that the trial court erred in denying his motion for a directed verdict on Appellee-Intervenor's tort claim of outrage, as there was insufficient proof as to any type of damages. Again, we do not reach the merits of his claims because we conclude that the chancery court lacked subject-matter jurisdiction to hear the tort claim. This court has previously stated that parties may not consent to a court's subject-matter jurisdiction where no such jurisdiction lies, nor may the jurisdiction be waived. *Priest* v. *Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995). A court must determine if it has subject-matter jurisdiction of the case before it. *Id.* Similarly, the question of subject-matter jurisdiction is one that this court is obligated to raise on its own, due to the fact that if the trial court lacked subject-matter jurisdiction, the appellate court also lacks jurisdiction. *Id.* A court of chancery or equity may, however, obtain jurisdiction over matters not normally within its purview pursuant to the clean-up doctrine, our long-recognized rule that once a chancery court acquires jurisdiction for one purpose, it may decide all other issues. *Pryor* v. *Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990). We have determined that the clean-up doctrine does not apply in this instance.

In *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), this court established a test for determining when a chancery court's jurisdiction over a legal claim pursuant to the clean-up doctrine is proper. The court wrote:

> [W]e have come to the position that unless the chancery court has no *tenable nexus* whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction.

*Id.* at 175-76, 711 S.W.2d at 456 (emphasis added). Also in *Liles,* this court stated that "when the court of equity is 'wholly incompetent' to consider the matter before it we will permit the issue of competency to be raised for the first time on appeal." *Id.* at 175, 711 S.W.2d at 456. Similarly, in *Bright v. Gass,* 38 Ark. App. 71, 831 S.W.2d 149 (1992), the court of appeals observed:

> Generally, the chancery court, having acquired jurisdiction for equitable purposes, may retain all claims in an action and grant all relief, legal or equitable, to which the parties in the lawsuit are entitled. Unless equity is wholly incompetent to grant the relief sought, objection to its jurisdiction is waived if no motion to transfer to law is made.

*Id.* at 80, 831 S.W.2d at 155 (citations omitted).

■ According to the record below, the chancery court permitted the stepdaughter to intervene, and both Appellant and Appellee agreed to the intervention. By that time, however, the court had already granted the divorce decree and the only remaining issues to be decided were the support and visitation of the parties' minor child, and the distribution of the marital property. There was no "tenable nexus" between what was left of the divorce proceeding and the third-party tort claim filed by the eighteen-year-old stepdaughter. It simply cannot be said that the outcome of either cause of action was dependent upon or had any bearing on the outcome of the other. We may have reached a different result had the Intervenor been a minor child, as her interests would have been directly affected by the chancellor's decisions as to custody, visitation, and support in the divorce action.

■ Because we conclude that the trial court was wholly incompetent to grant the relief sought by the Intervenor, and that the issue was not merely a matter of the chancery court's propriety, the issue of subject-matter jurisdiction must be addressed by this court on appeal even though it was not raised below. We hold that the trial court lacked subject-matter jurisdiction over the tort claim. We thus reverse and remand on Appellant's second point with directions to the trial court to transfer Intervenor's tort claim to circuit court.

Affirmed in part; reversed and remanded in part.