Curtis F. VANDERPOOL, Jr. *v.* FIDELITY & CASUALTY INSURANCE COMPANY

96-1198                                                939 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered February 24, 1997

408

Dabbs, Graham & Pomtree, by: Jeffrey M. Graham, for appellant.

Laser, Wilson, Bufford & Watts, P.A., by: Brian A. Brown and Walter Kendel, Jr., for appellee.

RAY THORNTON, Justice. This is a second appeal following an appeal previously decided by this court, *Vanderpool v. Fidelity & Casualty Ins. Co.*, 322 Ark. 308, 908 S.W.2d 653 (1995). Ark. Sup. Ct. R. 1-2(a)(11). The action arose after appellant Curtis F. Vanderpool, Jr., was injured in an automobile accident in which his work vehicle collided with a car driven by Vicki Kaiko. Vanderpool and appellee Fidelity & Casualty Insurance Company, his employer's workers' compensation carrier, entered into a joint petition for approval of settlement that was approved by the Workers' Compensation Commission. He also received a settlement from Kaiko. The Pulaski County Circuit Court ordered Vanderpool to pay $22,133.97, with interest, to Fidelity in satisfaction of Fidelity's statutory lien against the settlement he received from Kaiko.

Vanderpool makes the following arguments on appeal: (1) the joint-petition settlement extinguished any right Fidelity had to a statutory lien; (2) a legal dispute existed as to whether the lump-sum payment of $17,000.00 ordered pursuant to the joint-petition settlement constituted "compensation" as used in Ark. Code Ann. § 11-9-410; (3) the trial court lacked subject-matter jurisdiction to adjudicate the dispute as to the size and existence of a statutory lien on benefits paid as workers' compensation. The development of the issues before us has been procedurally challenging, but we have considered the issues raised by appellant, and we affirm the order of the trial court. We first review the procedural history of the case.

*Procedural History*

On May 11, 1993, Vanderpool entered into the joint-petition settlement with Fidelity under the terms of which Fidelity paid Vanderpool's medical expenses, attorney's fees, and $17,000.00 in exchange for a release of liability of Fidelity and its insured on the workers' compensation claim. The Workers' Compensation Commission approved the petition. *See* Ark. Code Ann. § 11-9-805 (1987). Nearly a year after the approval of the joint petition, Fidelity sued Kaiko asserting subrogation rights to any recovery by Vanderpool for injuries caused by Kaiko's negligence, and on May 25, 1994, Vanderpool filed a personal-injury action against Kaiko. The matters were consolidated by the trial court, and Vanderpool moved for declaratory judgment that Fidelity's rights to a statutory lien had been extinguished by the joint petition. The trial court denied the motion on November 30, 1994, and on December 16, Vanderpool filed notice of appeal of the denial of the motion for declaratory judgment.

On March 14, 1995, the transcript was lodged with this court. At that point, the trial court was divested of jurisdiction of the case, as it then became a matter under review by this court. *Glick v. State*, 283 Ark. 412, 415, 677 S.W.2d 844, 846 (1984). Notwithstanding this divestiture of jurisdiction, on March 28, 1995, the trial court entered an "Agreed Order" in which it attempted to resolve the dispute whether the statutory lien had been extinguished by Ark. Code Ann. § 11-9-805, holding in pertinent part: "This court's ruling in favor of Fidelity and Casualty Insurance Company resolves that issue for the purposes of appeal." This attempt to finally resolve the question whether the joint petition barred Fidelity's rights to a statutory lien was beyond the jurisdiction of the trial court because that issue was central to the appeal from the motion for declaratory judgment already lodged in this court. We have held that "[i]t is the filing of the transcript in an appellate court or the placing of the sentence into execution that deprives a trial court of jurisdiction, not the filing of the notice of appeal." *Sherman v. State*, 326 Ark. 153, 158, 931 S.W.2d 417, 420 (1996).

■ The March 28 "Agreed Order" also attempted to approve settlement agreements between Kaiko and Vanderpool and between Kaiko and Fidelity. These issues were not directly involved in the appeal from the motion for declaratory judgment then under review in this court, and the trial court's approval of the settlement of personal-injury litigation, as requested by all parties to that settlement, is not challenged by any party. In the order, the court also directed Vanderpool to retain disputed funds pending the result of the appeal in lieu of an appeal bond. The damages paid by Kaiko under the settlement agreement resolved the issue of Kaiko's liability, and provided for the establishment of a fund the disposition of which would be conditioned upon this court's decision on appeal of the motion for declaratory judgment. We have decided that the approval of the settlement agreements in the context of the factual and procedural circumstances of this case was not so directly involved in the appeal from the denial of a motion for declaratory judgment that we are required to declare the March 28 proceedings a nullity. In the circumstances of this case, approval of a settlement of damage claims against a third party was within the trial court's jurisdiction, because these matters were not included in the appeal that had been lodged in this court. We have previously held:

> The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court.

*Sherman v. State*, 326 Ark. at 158, 931 S.W.2d at 421 (quoting *Bleidt v. 555, Inc.*, 253 Ark. 348, 350-51, 485 S.W.2d 721, 723 (1972) (per curiam)); *see also Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 900 S.W.2d 195 (1995).

The appeal from the trial court's denial of the motion for declaratory judgment did not contain any record of the "Agreed Order" or the settlement of disputes between Kaiko and the other

parties, and there was no appeal from the "Agreed Order" of March 28.

On November 6, 1995, we dismissed the appeal from the denial of the motion for declaratory judgment for lack of a final judgment. *Vanderpool v. Fidelity & Casualty Ins. Co.*, 322 Ark. 308, 908 S.W.2d 653 (1995). When the mandate was entered, jurisdiction was restored in the trial court to resolve the issues of the case.

Fidelity filed a Motion to Enforce Mandate, upon which the court held a hearing on March 6, 1996. Regrettably, at this time attorneys for Fidelity erroneously advised the trial court that our November 6 decision had considered the trial court's March 28 "Agreed Order," which had never been before this court, and had ruled that it was not a final order; they also told the trial court that all Fidelity was required to do was to implement the portion of the trial court's March 28 order which ruled that Fidelity's statutory lien had not been extinguished by the joint-petition settlement under Ark. Code Ann. § 11-9-805. Fidelity advised the trial court that "the only thing left is to direct [appellant] to turn over $22,133.97, with any interest that has accrued. . . ."

However, during the March 6, 1996, hearing, the trial court orally renewed and ratified its findings and rulings from the March 28, 1995, order, stating: "I directed Curtis Vanderpool to retain a portion of the settlement sufficient to satisfy the lien of Fidelity and Casualty Insurance Company in an interest bearing account. So he should have done that or he's in contempt of court." The court added: "Well, then I'll order it turned over to you, and settle the case. And that's a final order, I suppose, at that point in time."

The trial court entered its order enforcing the mandate on March 15, 1996, making the following findings:

1. On November 29, 1994, the Court entered an Order denying Curtis Vanderpool's Motion for Declaratory Judgment against Fidelity & Casualty Insurance Company. Curtis Vanderpool appealed to the Arkansas Supreme Court from that ruling.
2. In lieu of an appeal bond, Curtis Vanderpool was directed to retain a portion of settlement funds received from Vicki Lynn

Kaiko sufficient to satisfy the lien of Fidelity & Casualty Insurance Company in an interest bearing account.

3. On November 6, 1995, the Arkansas Supreme Court dismissed the appeal of Curtis Vanderpool.

4. Fidelity & Casualty Insurance Company has a statutory lien against the settlement proceeds in the sum of $22,133.97.

It is clear that the court adopted, ratified, and confirmed its ruling in favor of Fidelity on the issue of the statutory lien, and ordered Vanderpool to pay to Fidelity the sum of $22,133.97, together with interest from the time of the approval of the settlement with Kaiko. The March 15, 1996, order by the trial court is a final order determining the issue whether the statutory lien is barred by the joint petition. Vanderpool has appealed from this order, and we proceed to our examination of the merits of the appeal.

*Merits of Appeal*

Vanderpool argues that because his claim for workers' compensation benefits was settled pursuant to Ark. Code Ann. § 11-9-805, Fidelity is no longer entitled to pursue an action in tort against the negligent third party pursuant to § 11-9-410. Section 11-9-410(b)(1) provides in part that "an employer or carrier liable for compensation under this chapter for the injury or death of an employee *shall have the right to maintain an action in tort against any third party responsible for the injury or death.*" (Emphasis added.) The purpose of these provisions is articulated in Ark. Code Ann. § 11-9-410(b)(5), which provides that "the purpose and intent of this subsection is to prevent double payment to the employee."

The thrust of Vanderpool's argument is that § 11-9-805 extinguishes the rights of all parties, including the right of an employer or carrier to bring an action for a statutory lien, once the joint petition is entered. Section 11-9-805 provides in pertinent part:

> (b) If the commission decides it is for the best interests of the claimant that a final award be made, it may order an award that *shall be final as to the rights of all parties to the petition.* Thereafter, the commission shall not have jurisdiction over any claim for the same injury or any results arising from it.

*Id.* § 11-9-805(b) (emphasis added).

■ In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Bill Fitts Auto Sales, Inc. v. Daniels*, 325 Ark. 51, 55, 922 S.W.2d 718, 720 (1996). The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the legislature. *Id.* As a guide in ascertaining legislative intent, this court often examines the history of the statutes involved, as well as the contemporaneous conditions at the time of their enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. *Citizens to Establish a Reform Party v. Priest*, 325 Ark. 257, 261, 926 S.W.2d 432, 435 (1996). Furthermore, in construing any statute, this court will place it beside other statutes relevant to the subject matter in question, giving it meaning and effect derived from the combined whole. *Hercules, Inc. v. Pledger*, 319 Ark. 702, 706, 894 S.W.2d 576, 578 (1995).

■ In *Simmons First National Bank v. Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985), this court recognized that "the purpose of workers' compensation statutes was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public." *Id.* at 278-79, 686 S.W.2d at 417. Likewise, Professor Larson has noted:

> [T]he entire compensation system has been set up and paid for, not by the parties, but by the public. The public has ultimately borne the cost of compensation protection in the price of the product . . . . The public interest is also thwarted when the employer and employee agree to a settlement which unnecessarily increases the cost of the product by giving the worker more than is due.

3 Arthur Larson, *Workmen's Compensation Law*, § 82.41 (1988).

■ The purpose in allowing an insurance carrier and an employer to pursue an action in tort against a third party is to ensure that the employee is not doubly compensated to the detriment of the employer and insurance carrier and, ultimately, the consuming public. For this reason, it is clear that the finality of a

joint-petition settlement is viewed from the *claimant's* standpoint, and it is the *claimant's* right to proceed further that is extinguished. *See Stratton v. Death & Permanent Total Disability Trust Fund,* 28 Ark. App. 86, 88, 770 S.W.2d 678, 679-80 (1989). In *Hartz Seed Co. v. Thomas,* 253 Ark. 176, 485 S.W.2d 200 (1972), we stated the following when considering a joint petition for final settlement:

> The necessity for extreme caution in approving such settlements so clearly recognized by the commission's procedural rule lies in the fact that any award based thereon finally concludes all right of the parties, even foreclosing any right of appeal from the order of approval. This is the only procedure under our act which leaves the claimant without any further remedy, regardless of subsequent developments. . . . It is necessary that the interest of both the employee and the public be protected . . . .

*Id.* at 179, 485 S.W.2d at 202.

The court of appeals correctly noted in *Ward v. Fayetteville City Hosp.,* 28 Ark. App. 73, 770 S.W.2d 668 (1989), that "a third-party tortfeasor is not subject to the Workers' Compensation Act[.] For that reason the insurance carrier can settle the claim with the claimant and reserve its right to proceed against the tortfeasor." *Id.* at 76, 770 S.W.2d at 670.

The joint petition in the instant case reflects that "claimant understands that approval of the settlement *will forever bar and preclude any further claim against respondents.*" (Emphasis added.) The order entered pursuant to the joint petition states that "upon payment of these sums this *claim* shall be forever barred." (Emphasis added.) The joint petition and order filed in this case stated only that the settlement barred and precluded any further claim against the respondents, and that "this claim" was forever barred. The implication from the language in those documents is that Vanderpool's claim is forever barred and precluded as against Fidelity and Vanderpool's employer. The documents do not preclude Vanderpool from seeking compensation against the third-party tortfeasor nor do they preclude Fidelity from doing the same.

We also note that § 11-9-805 provides that a settlement pursuant to joint petition shall be final as to the rights of all parties to the petition. A third-party tortfeasor is not a "party" covered under § 11-9-805; thus, both the insurance carrier and the injured employee can take action against the third party. Because a third-party tortfeasor, in this case Vicki Kaiko, is not a party to the joint petition presented to and approved by the Workers' Compensation Commission, both Vanderpool and Fidelity have the right to proceed against her.

The trial court's March 15, 1996, order granting Fidelity a statutory lien on sums recovered from a third-party tortfeasor was a final decision. By its order, the trial court concluded that the right to such a lien was not extinguished by the joint-petition settlement approved by the Workers' Compensation Commission, and we affirm on that point.

Vanderpool next argues that the trial court erred in ordering him to pay the money to Fidelity without first determining whether the $17,000.00 paid to Vanderpool in a lump sum is included within the statutory definition of "compensation." The abstract does not show that this question was presented to the trial court for decision at the time of the entry of the "Agreed Order" of March 28, 1995. In the March 6, 1996, proceedings, leading to the final order on March 15, 1996, Vanderpool raised this issue in his brief, but he failed to obtain a ruling from the trial court. Failure to obtain a ruling from the trial court is a procedural bar to our consideration of the issue. We have held on many occasions that we will not address the merits of an argument where the appellant has failed to obtain a ruling from the trial court. *Howard v. Northwest Arkansas Surgical Clinic P.A.*, 324 Ark. 375, 378, 921 S.W.2d 596, 597 (1996); *Haase v. Starnes*, 323 Ark. 263, 273, 915 S.W.2d 675, 680 (1996). Therefore, we also affirm on this point.

Finally, Vanderpool argues that because this was a workers' compensation action, the circuit court lacked subject-matter jurisdiction to award payment to Fidelity and to determine what constitutes "compensation" under the Workers' Compensation Act. Vanderpool did not receive a ruling on this issue; however, where the question is one of subject-matter jurisdiction, it does not matter how it arises. *Arkansas Dep't Of Human Servs. v. Hogan*, 314 Ark. 19, 24, 858 S.W.2d 105, 108 (1993). This ques-

tion may be raised for the first time on appeal or the court may raise it on its own, but the parties to an action may not confer subject-matter jurisdiction on a court. *Id.* at 24, 858 S.W.2d at 108. We have noted that the question of subject-matter jurisdiction is one that we are obligated to raise on our own, due to the fact that if the trial court lacked subject-matter jurisdiction, the appellate court also lacks subject-matter jurisdiction. *Douthitt v. Douthitt*, 326 Ark. 372, 374, 930 S.W.2d 371, 373 (1996).

■ Under the Arkansas Constitution, circuit courts have original jurisdiction in all cases where jurisdiction is not expressly vested in another court; in order to successfully attack a circuit court's jurisdiction, a party must demonstrate that another court has been given exclusive jurisdiction. *Daves v. Hartford Accident & Indem. Co.*, 302 Ark. 242, 246, 788 S.W.2d 733, 735 (1990) (upholding circuit court's ruling enforcing statutory lien and subrogation rights). The section under which both Fidelity's and Vanderpool's actions were filed below, Ark. Code Ann. § 11-9-410, places jurisdiction in the circuit courts, as it provides for the maintenance of an action in tort. Circuit courts are courts of law, and an action in tort is an action at law; therefore, jurisdiction of this action was properly before the circuit court. *Douthitt v. Douthitt*, 326 Ark. at 374, 930 S.W.2d at 373. Further, subsection (c) states that any settlement of a third-party action shall be approved by *either* the commission *or* the court, indicating concurrent jurisdiction over such matters.

■ In this case, the trial court had subject-matter jurisdiction because circuit courts have original jurisdiction in all cases where jurisdiction has not been exclusively vested in another tribunal, and because § 11-9-410 provides insurance carriers with the right to maintain an action in tort against third-party tortfeasors.

For all of the above reasons, the decision of the trial court is affirmed.

Appellee's motion to strike, to dismiss appeal, to stay briefing schedules, and for sanctions is denied.

GLAZE, J., not participating.