Colonel John R. Bailey, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Colonel Bailey:
This is in response to your request for an opinion concerning the dissemination of criminal records pursuant to Act 1313 of 1997, which pertains to criminal records checks for public school teachers. Arkansas Code Annotated § 6-17-405(b)(1) provides that the State Board of Education may revoke or suspend the license of any person for cause. Act 1313 amends § 6-17-405(b)(2) to provide that "having an expunged conviction for any sexual offense committed against a child" constitutes cause. As noted in your letter, the term "child" means a person enrolled in the public schools of the State of Arkansas. See A.C.A. §6-17-405(b)(3), as amended by Act 1313 of 1997. With regard to these provisions, you have presented the following questions:
 1. If the Arkansas State Police determines that a teacher applicant, or one seeking renewal, has been convicted of a sexual offense, even though it has been expunged, are we to submit the same to the Department of Education? In most instances, the age of the victim, and most certainly whether or not they were a public school student, will be indeterminable.
 2. Who has the responsibility for inquiring into the court records to determine whether or not the conviction would constitute a disqualification?
Ultimately, these questions can be conclusively resolved only by a judicial ruling or legislative clarification. Nevertheless, although I am unable to render a definitive opinion in this instance, it appears that the legislature likely intended for the Arkansas State Police to release information regarding expunged convictions to the Department of Education. Act 1313, however, does not appear to impose any duty upon the State Police to inquire into actual court records.
Prior to 1995, A.C.A. § 6-17-405(a) provided that the "State Board of Education may revoke or suspend the teaching certificate of any person holding such a certificate for cause . . ." The provision provided that conviction of a felony constituted cause. In 1995, the General Assembly amended § 6-17-405(a) to require that the State Board of Education revoke the license of any person "who has pleaded guilty, nolo contendere, or been found guilty of" one of fifteen identified offenses. See Act 1310 of 1995, § 2. Act 1310 further amended § 6-17-405 to provide: "(b)(1) The State Board of Education may revoke or suspend the license of any person holding such a license for cause . . ." The act stated that "cause" included "pleading guilty, nolo contendere, or [being] found guilty of a felony not listed in subsection (a) of this section." In addition, Act 1310, § 1 [codified as A.C.A. § 6-17-410] provided in part that "each first-time applicant for a license issued by the State Board of Education shall be required to apply to the Identification Bureau of the Arkansas State Police for a state and nationwide criminal records check . . . Such applicant shall sign a release of information to the State Department of Education."[1]
Act 1313 of 1997 amended both § 6-17-405 and § 6-17-410. Section6-17-405(b) was amended to provide in part:
 (1) The State Board of Education may revoke or suspend the license of any person holding such a license for cause, . . .
 (2) `Cause', for the purposes of this subsection, means any of the following:
 (A) Pleading guilty or nolo contendere to, or being found guilty of, a felony not listed in subsection (a) of this section;
 (B) Pleading guilty or nolo contendere to or being found guilty of a non-felony negligent homicide or a misdemeanor involving physical mistreatment or abuse against a child and not listed in subsection (a) of this section; . . .
 (G) Having an expunged conviction for any sexual offense committed against a child.
(Emphasis supplied). In addition, § 6-17-410 was expanded to require that the first time any license holder applies for a renewal on or after July 1, 1997, he or she is required to apply to the State Police for a state and nationwide criminal records check.[2] See Op. Att'y Gen. 97-114. Such applicants are required to sign a release of information to the Department of Education.
The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the legislature.Vanderpool v. Fidelity Cas. Ins. Co., 327 Ark. 407, 939 S.W.2d 280
(1997). As a guide in ascertaining legislative intent, the court often examines the history of the statutes involved, as well as the contemporaneous conditions at the time of their enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. Id. Furthermore, in construing any statute, the court will place it beside other statutes relevant to the subject matter in question, giving it meaning and effect derived from the combined whole. Id.
In light of the fact that the legislature amended § 6-17-405(b)(2) to permit the Department of Education to revoke or suspend the license of any person who has an expunged conviction for any sexual offense committed against a child, I believe that a court would be inclined to conclude that Act 1313 authorizes the State Police to release information regarding expunged convictions to the Department of Education. Act 1313 requires certain applicants to apply to the State Police for a criminal records check, and the applicants must sign a release of information to the Department of Education. If the Department of Education is not permitted to obtain information regarding expunged convictions pursuant to these criminal records checks, then it would be virtually impossible to ever revoke or suspend the license of someone who has an expunged conviction for a sexual offense committed against a child.[3] The legislature will not be presumed to have done a vain or useless thing.Death Perm. Total Disab. Fund v. Whirlpool, 39 Ark. App. 62,837 S.W.2d 293 (1992). In sum, while the answer is not entirely clear, perhaps suggesting the need for legislative clarification, it appears that the legislature likely intended for the State Police to release information regarding expunged convictions to the Department of Education.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Subsection (c) of § 1 [codified as § 6-17-410(c)] provided that "No person shall be eligible to receive or hold a license issued by the State Board of Education if that person has pleaded guilty, nolo contendere, or been found guilty of any" of the offenses for which a license was to be revoked pursuant to § 6-17-405(a). The provisions of § 6-17-410(c) and §6-17-405(a) may, however, be waived by the State Board of Education upon request by the board of a local school district, an affected applicant for licensure, or the person holding a license subject to revocation.See Act 1310 of 1995, § 1(d) [codified as § 6-17-410(d)].
[2] It appears that your questions refer only to persons applying for a license or seeking the renewal of a license. It should, however, be noted that Act 1313 also provides that the board of directors of local school districts "shall require, as a condition for initial employment by the district, any person holding a license issued by the State Board of Education and making such application to authorize release to the Department of Education the results of a state and nationwide criminal records check by the Identification Bureau of the Department of Arkansas State Police." Act 1313 of 1997, § 3.
[3] It appears that the reference to expunged convictions in § 6-17-405
may have been added in response to my conclusion in Opinion 96-232 (copy enclosed) that a teacher terminated on the basis of an expunged conviction involving sexual misconduct would be free to apply to another school district without disclosing the guilty plea or the underlying conduct. I further concluded that the district would be unable to gain access to the expunged records. These conclusions were based upon Act 998 of 1995 which permits access to expunged records for employment purposes only to criminal justice agencies.