Jimmy Lee PHILLIPS *v*. STATE of Arkansas

CR 97-940                                                976 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered October 22, 1998

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Ass't Att'y Gen., for appellee.

PER CURIAM. In 1994, judgment was entered reflecting that Jimmy Lee Phillips had pleaded guilty to three felony offenses and had been sentenced to probation. In May 1996, judgment was entered reflecting that the probation had been revoked and that Phillips had been sentenced as a habitual offender to a term of eighty-four months' imprisonment for each of the three offenses to be served consecutively. The Court of Appeals affirmed. *Phillips v. State,* CACR 96-986 (April 16, 1997). The mandate was issued to the circuit clerk on May 6, 1997.

Following the direct appeal, Phillips filed a petition for post-conviction relief pursuant to Arkansas Criminal Procedure Rule 37. The Circuit Court denied the petition as untimely because its filing, which occurred on May 5, 1997, preceded the issuance of the mandate by one day. Phillips filed another petition on June 27, 1997. The Circuit Court, finding that Phillips had filed a notice of appeal from the denial of the first petition, concluded that the second petition was also untimely.

It appears that the Circuit Court erred in denying Phillips's petition as untimely. Phillips filed the petition within sixty days of the appellate mandate, and we recognized the petition's timeliness when we granted Phillips's motion to file an amended abstract. *Phillips v. State,* CR97-940 (February 19, 1998).

In this appeal, however, Phillips does not assign error to the Circuit Court's conclusion that his petition was untimely. Rather, he contends that his sentence is illegal because it violates the *ex post facto* and double jeopardy clauses of the Arkansas Constitution and the United States Constitution.

■ Because the timeliness of Phillips's petition was the only issue the Circuit Court considered in its opinion, we cannot reach the merits of the arguments that Phillips raises on appeal. Accordingly, we must affirm.

Affirmed.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. This is a case where the trial judge obviously erred in finding that appellant's Rule 37 petition was untimely, as the majority's *per curiam* opinion acknowledges. Because of the error, the trial court found that it lacked subject–matter jurisdiction. The appellant who is *pro se* has appealed on the merits of his petition and has not raised the jurisdictional question. The majority declines to raise subject–matter jurisdiction on its own, and, thus, an error is perpetuated and the merits of this matter never reached.

We have been assiduous in raising subject–matter jurisdiction on our own when we observe that the trial court did not have it. *See, e.g., Vanderpool v. Fidelity & Cas. & Ins. Co.,* 327 Ark. 407, 939 S.W.2d 280 (1997); *Douthitt v. Douthitt,* 326 Ark. 372, 930 S.W.2d 371 (1996). Here, the trial court found it was without jurisdiction, and the trial court was wrong. I would correct the error, hold that the trial court did have subject–matter jurisdiction, and remand this case for a decision on the merits. The fact that the appellant is *pro se* should not militate against a remand in light of the fact that subject–matter jurisdiction is involved.

IMBER, J., joins.