ERC CONTRACTOR YARD & SALES and Liberty Mutual Insurance *v.* Lonnie ROBERTSON

CA 97-802                                                961 S.W.2d 36

Court of Appeals of Arkansas
Division I
Opinion delivered February 18, 1998

Supplemental Opinion on denial of rehearing
delivered April 8, 1998

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison*, by: *James A. Arnold, II*, and *Rebecca D. Hattabaugh*, for appellants.

*Rush, Rush & Cook*, by: *David L. Rush* and *Craig L. Cook*, for appellee.

OLLY NEAL, Judge. Lonnie Robertson was employed by appellant as a laborer. On September 18, 1995, appellee was injured when he fell approximately ten to fifteen feet from scaffolding while at work. Appellee was taken to the hospital where he was hospitalized and treated for his injuries. Appellee filed a claim for workers' compensation disability benefits for injuries that he sustained as a result of the fall. Appellants controverted appellee's claim for benefits and asserted that his injuries were substantially occasioned by the use of alcohol and were therefore excluded from coverage under the workers' compensation act. The administrative law judge found that appellee's fall was not substantially occasioned by the use of alcohol. The Commission adopted the ALJ's opinion as its own and affirmed the order. It is from the Commission's decision that appellants bring the present appeal.

Appellants urge us to reverse the Commission's order on the grounds that the Commission incorrectly determined that no alcohol was present in appellee's system at the time of his accident and that his injury was not substantially occasioned by the use of alcohol.

Dr. MacDade examined appellee on the day he was brought to the hospital emergency room. Dr. MacDade's notes of August 18, 1995, indicate that appellee had a faint smell of alcohol on his breath. Dr. MacDade's notes of September 19, 1995, indicate that appellee had a "fruitescent" substance on his breath. Appellee's blood-alcohol content was measured as being less than .01%. Appellee also testified that he had not had a drink on the date in question.

Prior to 1993, the burden was upon the employer to prove that a claimant's injury was the result of intoxication or drug use. Act 796 of 1993 shifted the burden to the claimant by creating a rebuttable presumption that an injury was substantially occasioned by an intoxicant if one is found in the body. *Morrilton Manor v. Brimmage*, 58 Ark. App. 252, 952 S.W.2d 170 (1997). Now, if the claimant is found to have alcohol or drugs in his body after an injury, he must prove by a preponderance of the evidence that his injury was not substantially occasioned by the alcohol or drugs. *Id.*

Appellants contend that the Commission erred in finding that no alcohol was present in appellee's system at the time of the accident. In making its decision the Commission wrote:

> Claimant's initial physician noted the smell of alcohol on the claimant when claimant was brought in for treatment. However, the alcohol blood test subsequently performed revealed that claimant's alcohol level was less than .01%. We find this does not establish the presence of alcohol so as to give rise to said presumption. Further, if the test did establish the presence of alcohol, the low blood alcohol level would be sufficient to prove that the injury was not substantially occasioned by alcohol.

When reviewing a finding of fact made by the Workers' Compensation Commission, we affirm if the Commission's decision is supported by substantial evidence. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W. 2d 584 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Id.* The Commission's

duty is to weigh medical evidence as it does any other evidence. *Id.*

■ The legislature has not quantified the level of alcohol that need be present in the blood to give rise to the presumption that an injury is substantially occasioned by the use of alcohol. The Arkansas courts have been admonished to defer to the legislature when such matters need to be addressed. *See* Ark. Code Ann. § 11-9-1001 (Repl. 1996). However, because the results of the blood-alcohol content testing revealed an amount of alcohol in appellee's blood, however small, we agree with appellants that there was a presence of alcohol in appellee's blood. Notwithstanding, we find that there is substantial evidence in the record that supports the Commission's finding that such a low blood-alcohol level was sufficient to rebut the presumption and prove that appellee's injury was not substantially occasioned by alcohol.

This leads us to the remaining question, i.e., does appellee's long-term use of alcohol disqualify him from receiving workers' compensation disability benefits? The gravamen of appellants' argument is that appellee's long-term alcohol use resulted in an alcohol withdrawal seizure that caused his fall, and that appellee would not have suffered from an alcohol withdrawal seizure if not for his alcohol use.

With regard to this issue the Commission employed the following rationale:

> The medical records indicate that the claimant's physicians believe he suffered an alcohol with- drawal seizure. Based upon those opinions we find that the claimant suffered a fall which was related to alcohol withdrawal. As such, the claimant's fall was caused by a condition which was personal in nature and has been defined as an idiopathic fall. Injuries from idiopathic falls do not arise out of the claimant's employment unless the employment contributed to or aggravated the risk or the injury. While the fall would normally not be compensable because it is personal in nature, in this case, claimant was placed on a scaffold 12 to 15 feet off the ground thereby increasing the effects of his fall. Therefore, claimant's idiopathic fall is compensable.

■ We agree with the Commission's rationale. Appellee's treating physicians opined that appellee's seizure was the result of alcohol withdrawal. Appellee's employment and his placement on scaffolding twelve to fifteen feet above ground increased the effects of the fall, thereby making the fall compensable. Though the seizure appellee suffered was the result of his long-term use of alcohol, we cannot find that appellee's injury was substantially occasioned by such use of alcohol, where his employer and girl-friend corroborated his testimony that he had not had alcohol on the date of the injury.

■ In his cross-appeal, appellee argues that there is not substantial evidence to support the Commission's finding that he was making $5 an hour. We disagree. Appellee testified that he was to be paid $6 an hour. On cross-examination, appellee acknowledged that he had stated during his deposition that he earned $5 per hour. Appellee did state that he misunderstood the question and thought that the question referred to his previous employment with appellant. Appellee's employer testified that appellee was to be paid at a rate of $5 an hour. The Commission has the duty of determining the credibility of the witnesses. Here, the Commission obviously afforded greater weight to the employer's testimony and appellee's deposed testimony. We con-clude that substantial evidence supports the Commission's decision.

Affirmed.

STROUD, J., agrees.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. I concur in the result of this case but write separately because I am unwilling at this time to state that a blood-alcohol level of less than .01% is sufficient proof of the presence of alcohol so as to give rise to the rebuttable presumption that appellant's injury was substantially occasioned by the use of alcohol. It is the Commission's duty to find the facts, and in this case, the Commission found that a blood-alcohol level of less than .01% did "not establish the presence of alcohol as to give rise to said presumption." As in the two recent cases of *Gra-*

*ham v. Turnage Employment Group*, 60 Ark. App. 150, 960 S.W.2d 453 (1998) and *Brown v. Alabama Electric Co.*, 60 Ark. App. 138, 959 S.W.2d 753 (1998), the Commission had the duty and authority to find whether there was the presence of drugs in the claimants' systems. The only difference between this case and those cited is the fact that in the cited cases the Commission found that there was evidence to establish the presence of drugs in the claimants' systems. The legislature chose not to include guidelines as to the minimal level of intoxicants that must be present in one's system. Because of this lack of guidance, I am more persuaded that it is the Commission's place to determine the fact question of what constitutes "presence." I believe, however, that the legislature should establish guidelines setting minimum levels of intoxicants that would trigger the rebuttable presumption.

Nonetheless, the majority opinion agrees that the Commission found the rebuttable presumption was overcome, and I agree with the Commission's award of benefits. The evidence supports the Commission's finding that appellant suffered an idiopathic fall, and I cannot disagree.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

April 8, 1998

Divisions I and II

*James A. Arnold II*, for appellant.

*Craig Cook*, for appellee.

JUDITH ROGERS, Judge. ■ We write to emphasize that appellant's argument in support of his petition for rehearing is misplaced and not a correct statement of our holding in this case. In our majority opinion, we found that there was substantial evidence to support the Commission's decision that appellee's fall was not substantially occasioned by the use of alcohol. The evidence presented and relied on by the Commission and this court was appellee's testimony that he had not had alcohol on the date of the injury; appellee's employer and girlfriend's corroboration of appellee's testimony; the low level of alcohol in appellee's system; and the medical evidence that showed appellee was suffering from alcohol withdrawal. This provided substantial evidence to support the Commission's decision, and its decision was not supported only by appellee's low blood-alcohol level. In addition, appellee's alcohol withdrawal was personal in nature, and his employment placed him on a scaffold twelve to fifteen feet off the ground, increasing the effects of his fall. These facts support the Commission's finding that appellee suffered a compensable idiopathic fall.

ROBBINS, C.J., BIRD, NEAL, and GRIFFEN, JJ., agree.