ERC CONTRACTOR YARD & SALES and
Liberty Mutual Insurance *v.* Lonnie ROBERTSON

98-288                                          977 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered November 5, 1998

64

*Ledbetter, Cogbill, Arnold & Harrison,* by: *James A. Arnold, II*
and *Rebecca D. Hattabaugh,* for appellants.

*Rush, Rush & Cook*, by: *David L. Rush* and *Craig L. Cook*, for appellee.

A NNABELLE CLINTON IMBER, Justice. This case is before us on review from the Arkansas Court of Appeals. The Court of Appeals agreed with appellants ERC Contractor Yard & Sales and Liberty Mutual Insurance (hereinafter referred to as ERC) that there was a presence of alcohol, however small, in appellee Lonnie Robertson's blood. However, the Court of Appeals concluded that substantial evidence existed to support the finding by the Workers' Compensation Commission that Mr. Robertson's injury was not substantially occasioned by the use of alcohol. *ERC Contr. Yard & Sales v. Robertson*, 60 Ark. App. 310, 961 S.W.2d 36 (1998). The Court of Appeals further affirmed the Commission's determination that Mr. Robertson's fall was caused by an alcohol-withdrawal condition which was personal in nature, or idiopathic, and that the fall was compensable because his employment placed him on a scaffolding twelve to fifteen feet off the ground and thereby increased the effects of his fall. *Id.* Finally, the Court of Appeals affirmed the Commission's determination of Mr. Robertson's rate of compensation. *Id.* We affirm the decision of the Commission.

On September 18, 1995, Mr. Robertson fell from scaffolding while he was working on a building demolition for ERC. While being treated for his injuries at the hospital, Mr. Robertson submitted to a urine drug screen and a blood-alcohol test. The urine drug screen showed a negative result, while the blood-alcohol test showed a blood-alcohol level of less than 0.01%. Mr. Robertson subsequently filed a claim for workers' compensation benefits. ERC and its workers' compensation carrier, Liberty Mutual Insurance, controverted this claim on the basis that Mr. Robertson's injuries were "substantially occasioned by the use of alcohol" and were not compensable under Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997).

At the hearing before the administrative law judge (ALJ), Mr. Robertson admitted his history of alcohol abuse. Medical reports corroborated this history and also reflected that Mr. Robertson told his doctors he was not drinking on the day of the accident or

the day before the accident. Similarly, Mr. Robertson's girlfriend told his doctors that he was not drinking on the day of the accident, although he drank two beers the day before the accident. Mr. Robertson's supervisor, Mr. Michael Austin, also testified that he was not drinking on the day of the accident. Medical reports noted that on September 18 and 19 Mr. Robertson had "the faint smell of alcohol on his breath," and "the smell of a fruitescent substance on his breath." However, the toxicology report reflected conflicting test results for the presence of alcohol on September 18, the day of the accident: no alcohol was detected in the specimen collected at 9:50 p.m. and less than 0.01% was detected from blood drawn at 9:55 p.m. Finally, Mr. Robertson's doctors concurred that a seizure related to alcohol-withdrawal syndrome caused him to fall on September 18, 1995.

The ALJ awarded workers' compensation benefits to Mr. Robertson, finding that no alcohol was present so as to raise the statutory presumption set forth in Ark. Code Ann. §11-9-102(5)(B)(iv), and that, even if the presence of alcohol was established, the evidence was sufficient to prove that Mr. Robertson's injury was not substantially occasioned by alcohol. The ALJ further concluded that Mr. Robertson's fall was idiopathic and compensable because the conditions at his worksite contributed to the injury. ERC appealed the ALJ's decision to the Workers' Compensation Commission. After conducting a *de novo* review of the record, the Commission adopted the findings of the ALJ and affirmed the ruling. The Court of Appeals affirmed the Commission's decision. *ERC Contr. Yard & Sales, supra.*

We granted ERC's petition for review because this case presents an opportunity to address the statutory presumption created by Ark. Code Ann. § 11-9-102(5)(B)(iv). We also address whether there is substantial evidence to support the Commission's determination that Mr. Robertson's injury was not substantially occasioned by the use of alcohol.

It is well settled that upon a petition for review, we consider the case as though it were originally filed in this court. *Frette v. City of Springdale*, 331 Ark. 103, 959 S.W.2d 734 (1998); *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998). On appeal of a

workers' compensation case from the Court of Appeals to this court, we view the evidence in a light most favorable to the Commission's decision, and we uphold that decision if it is supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Id.*

■ A prima facie presumption existed under our prior workers' compensation law that an injury did not result from intoxication of the injured employee. Ark. Code Ann. § 11-9-707(4) (1987). Under this statute, the employer bore the burden of rebutting that presumption by proving that the employee was intoxicated and that the employee's injury resulted from intoxication. In 1993, Ark. Code Ann. § 11-9-707(4) (1987) was repealed and replaced with the following provision, codified at Ark. Code Ann. § 11-9-102(5)(B)(iv) (Supp. 1997):

> (B) "Compensable injury" does not include:
>
> * * * *
>
> (iv)(a) Injury where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders.
>
> (b) The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders.
>
> * * * *
>
> (d) An employee shall not be entitled to compensation unless it is proved by a preponderance of the evidence that the alcohol, illegal drugs, or prescription drugs utilized in contravention of the physician's orders did not substantially occasion the injury or accident.

■ The two issues presented for resolution both involve statutory construction. A cardinal rule of statutory construction is to give effect to the intent of the legislature. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998); *Citizens to Estab-*

*lish a Reform Party v. Priest*, 325 Ark. 257, 926 S.W.2d 432 (1996). The well-established approach for determining the intent of the legislature is to look first at the plain language of the statute and, giving the words their plain and ordinary meaning, construe the statute just as it reads. *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). If the language of the statute is not ambiguous and plainly states the intent of the legislature, then we will look no further. *Id.*

The first issue raised by ERC is whether the evidence in this case triggered the rebuttable presumption that an injury was substantially occasioned by the use of alcohol pursuant to Ark. Code Ann. § 11-9-102(5)(B)(iv)(b). Specifically, ERC contends that Mr. Robertson's blood-alcohol-test results established the presence of alcohol, thereby triggering the statutory presumption. We agree.

■■ A statutory presumption is a rule of law by which the finding of a basic fact gives rise to the existence of a presumed fact, unless sufficient evidence to the contrary is presented to rebut that presumption. *Stone v. State*, 254 Ark. 1011, 498 S.W.2d 634 (1973); *Black's Law Dictionary* 1185 (6th ed. 1990). In the instant case, the basic fact that will invoke the application of the presumption is the presence of alcohol. The plain language of Ark. Code Ann. § 11-9-102 provides that once the presence of alcohol is established as a fact, there is a presumption that any injury or accident was substantially occasioned by the use of alcohol. The statute does not quantify the term "presence." Therefore, alcohol is present whenever any amount of alcohol is revealed, no matter how small. Although Mr. Robertson's blood-alcohol test revealed a low alcohol level, it nonetheless revealed the presence of alcohol. We thus agree with ERC that this evidence triggered the statutory presumption.

■■ ERC next argues that the evidence presented by Mr. Robertson was insufficient to rebut the presumption; that is, that Mr. Robertson failed to prove by a preponderance of the evidence that his injury was not substantially occasioned by the use of alcohol. Ark. Code Ann. § 11-9-102(5)(B)(iv)(d). Whether a rebuttable presumption is overcome by the evidence is a question

of fact for the Commission to determine. *See Clark v. State*, 253 Ark. 454, 486 S.W.2d 677 (1972); *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998). We find that substantial evidence exists to support the Commission's finding that this accident was not substantially occasioned by the use of alcohol, and that the presumption was rebutted by a preponderance of the evidence. Specifically, Mr. Robertson's supervisor, Michael Austin, testified that Mr. Robertson did not use alcohol on the day of the injury. The medical reports reflect that Mr. Robertson told his doctor he did not consume any alcohol on the day of the injury. This was also corroborated by his girlfriend's contemporaneous statements to the doctors. Mr. Robertson's blood-alcohol test indicated a very low level of alcohol in his system. Finally, Mr. Robertson's treating physicians opined that alcohol withdrawal caused the seizure.

With regard to the Commission's finding that Mr. Robertson's fall was caused by an alcohol-withdrawal seizure, ERC argues that the fall was "substantially occasioned by the use of alcohol." According to ERC, the causal connection is established by the following sequence of events: but for Mr. Robertson's long-term use of alcohol, he would not have suffered an alcohol-withdrawal seizure, and but for the seizure he would not have suffered a fall. In order to address this argument, we must construe the phrase "substantially occasioned by the use of alcohol" in Ark. Code Ann. § 11-9-102(5)(B)(iv). As previously stated, we look first at the plain language of the statute and, giving the words their plain and ordinary meaning, construe the statute just as it reads. *Leathers v. Cotton*, 332 Ark. 49, 961 S.W.2d 32 (1998); *Vanderpool, supra.*

First, we turn to the plain and ordinary meaning of the words themselves. The word "occasion" when used as a verb is defined in *Black's Law Dictionary* as "to produce; to cause incidentally or indirectly; to bring about or be the means of bringing about." *Black's, supra*, at 1078. Thus, the word "occasion" is broad in scope and, standing alone, encompasses causation that may be indirect in origin. However, the word "occasioned" is modified by the adverb "substantially," which is defined as "actually and essentially." *Black's, supra* at 1428-29. When the words

"substantially occasioned" are used together, the causal connection becomes more immediate and direct. Finally, the statute provides that the injury must be caused "*by the use* of alcohol," not by *abstinence from* the use of alcohol. We, therefore, conclude that the plain and ordinary meaning of the phrase "substantially occasioned by the use of alcohol" requires that there be a direct causal link between the use of alcohol and the injury in order for the injury to be noncompensable. To conclude otherwise would involve the addition of words that do not appear in the text of Ark. Code Ann. § 11-9-102(5)(B)(iv).

In the instant case it is undisputed that Mr. Robertson's injury was caused by his withdrawal from alcohol. Thus, we must also conclude that the Commission properly applied the plain and ordinary meaning of Ark. Code Ann. § 11-9-102(5)(B)(iv) when it determined that Mr. Robertson's injury was not substantially occasioned by the use of alcohol.

In its final argument, ERC contests the Commission's finding that Mr. Robertson's fall was idiopathic in nature. ERC suggests that it is incongruous to find that the fall was caused by a seizure related to alcohol-withdrawal syndrome, and then conclude that the fall was idiopathic or unexplained. We first note that injuries sustained due to an unexplained cause are different from injuries where the cause is idiopathic. An idiopathic fall is one whose cause is personal in nature, or peculiar to the individual. 1 LARSON, WORKERS' COMPENSATION LAW, § 12.11 (1998); *see also Kuhn v. Majestic Hotel*, 324 Ark. 21, 918 S.W.2d 158 (1996); *Little Rock Convention & Visitors Bur. v. Pack*, 60 Ark. App. 82, 959 S.W.2d 415 (1997); *Moore v. Darling Store Fixtures*, 22 Ark. App. 21, 732 S.W.2d 496 (1987). Because an idiopathic fall is not related to employment, it is generally not compensable unless conditions related to employment contribute to the risk by placing the employee in a position which increases the dangerous effect of the fall. LARSON, *supra*. Although Mr. Robertson's fall was caused by alcohol withdrawal, which was a condition personal to him, his placement on scaffolding twelve to fifteen feet above the ground increased the dangerous effect of the fall. We, therefore, hold that there is substantial evidence to support the

Commission's finding that Mr. Robertson suffered a compensable idiopathic fall.

 On a cross-appeal, Mr. Robertson argues that the Commission's finding that he was making $5.00 an hour is not supported by substantial evidence. At the hearing, Mr. Robertson testified that he was to make $6.00 per hour. He acknowledged that he had previously testified in his deposition that he was making $5.00 per hour. His employer, Mr. Michael Austin, testified that Mr. Robertson's rate was to be $5.00 per hour. It is well-established that the credibility of witnesses and the weight to be accorded to their testimony are matters exclusively within the province of the Commission. *Benton Serv. Ctr. v. Pinegar*, 269 Ark. 768, 601 S.W.2d 227 (1980); *see also Continental Express, supra; James River Corp. v. Walters*, 53 Ark. App. 59, 918 S.W.2d 211 (1996). The Commission is entitled to give greater weight to Mr. Robertson's deposition testimony and the testimony of his employer. We thus conclude that substantial evidence supports the Commission's decision.

Affirmed.