Kent KEAHEY, d/b/a/ Keahey Realty *v.*
Nedra PLUMLEE and Nancy Chandler

CA 05-482                                          226 S.W.3d 31

Court of Appeals of Arkansas
Opinion delivered February 1, 2006

*William R. Wisely*, for appellants.

*Todd Turner*, for appellees.

L ARRY D. VAUGHT, Judge. On February 7, 2005, the Garland County Circuit Court confirmed an arbitration award in favor of appellees and entered a judgment thereon but did not award appellees an attorney's fee. Appellant argues that confirmation of the award was barred by Ark. Code Ann. § 17-42-107(b) (Supp. 2005), while appellees argue that they should have received an attorney's fee pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999). We affirm the trial court's order in all respects.

This case originated as a dispute between appellant and appellees over a real-estate commission. In April 2004, the dispute was arbitrated by a five-person panel appointed by the Arkansas Realtors Association. Following a hearing, the arbitrators found in favor of appellees and awarded them $18,500. Appellant appealed to an arbitration review tribunal, where the award was affirmed.

Appellees then petitioned the Garland County Circuit Court to confirm the award and enter judgment for $18,500 plus costs and an attorney's fee. Appellant moved to dismiss, citing Ark. Code Ann. § 17-42-107(b) (Supp. 2005), which reads:

> No salesperson, executive broker, or associate broker may sue in his or her own capacity for the recovery of fees, commissions, or compensation for services as a salesperson, executive broker, or associate broker unless the action is against the principal broker with whom he or she is licensed or was licensed at the time the acts were performed.

Appellant contended that, because he was not appellees' principal broker, section 17-42-107(b) prohibited appellees from suing him in circuit court to recover a commission.

Following a hearing, the trial court ruled that appellant's interpretation of the statute would leave appellees without a remedy. The court therefore denied appellant's motion to dismiss, confirmed the arbitration award, and entered a judgment in favor of appellees for $18,500 plus $104.65 in costs; no attorney's fee was awarded to appellees. Appellant now appeals and, while he does not challenge appellees' right to pursue their claim through arbitration, argues that, by virtue of section 17-42-107(b), appellees could not resort to circuit court to confirm their arbitration award. We review this point de novo as involving an issue involving statutory interpretation. *See Perkins v. Cedar Mountain Sewer Imp. Dist.*, 360 Ark. 50, 199 S.W.3d 667 (2004).

The first rule of statutory construction, to which all others must yield, is to give effect to the intent of the legislature. *Stapleton v. M.D. Limbaugh Constr. Co.*, 333 Ark. 381, 969 S.W.2d 648 (1998). We first seek the legislative intent by giving the words of the statute their usual and ordinary meaning in common language. *R.N. v. J.M.*, 347 Ark. 203, 61 S.W.3d 149 (2001). If the language of the statute is not ambiguous and plainly states the legislature's intent, we will look no further. *ERC Contractor Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998). However, if the meaning of the statute is unclear, as it is under the circumstances of the present case, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *See Ark. Gas Consumers, Inc. v. Ark. Pub. Serv. Comm'n*, 354 Ark. 37, 118 S.W.3d 109 (2003). We

also consider the consequences of interpretation. *Citizens to Establish a Reform Party v. Priest*, 325 Ark. 257, 926 S.W.2d 432 (1996).

■ Section 17-42-107(b) provides that no salesperson, executive broker, or associate broker may "sue" in his or her own capacity to recover a commission, unless the action is against his or her principal broker.[1] The key question is whether the legislature, in declaring that these individuals may not "sue" for a commission, intended to prohibit them from coming into circuit court to confirm an arbitration award that they had already received. We do not believe that the legislature intended such a prohibition.

First, it appears that the purpose of section 17-42-107 is to ensure that actions for commissions against third parties are brought by the real party in interest — the principal broker — rather than a sub-agent. *See* Ark. Code Ann. § 17-42-107(a) (Supp. 2005) (providing generally that an action or suit to recover a real-estate commission or fee must be brought by a principal broker or the owner of a real estate firm that has acted through a principal broker); *see also* 12 C.J.S. *Brokers* § 269 (2004) (recognizing that the claim of a sub-agent is against the broker and not the principal to the transaction). However, this purpose would not be relevant where, as here, appellees instituted their claim in arbitration (with no objection by appellant noted in the record) and recovered an award. Under such circumstances, section 17-42-107(b) should not operate to prohibit individuals from consummating their arbitration proceeding by having the circuit court confirm their award and enter judgment thereon. *See* Ark. Code Ann. § 16-108-211 (1987) (providing that, upon application of a party, the court shall confirm an arbitration award unless grounds are urged for vacating, modifying, or correcting it); Ark. Code Ann. § 16-108-217 (Supp. 2005) (providing that the making of a written arbitration agreement confers jurisdiction on the circuit

---

[1] Although it is not clear from the record if appellees are "salespersons, associate brokers, or executive brokers," as defined by the Arkansas Real Estate License Law, Ark. Code Ann. §§ 17-42-101, *et seq.* (Repl. 2001 & Supp. 2005), we will assume for the purpose of our discussion that they fall into one of those categories. *See* Ark. Code Ann. §§ 17-42-103(1), (9), (14) (Repl. 2001) (defining "associate broker," "executive broker," and "salesperson" generally as persons who engage in various real-estate transactions while employed by or under the supervision of a principal broker).

court to enter judgment on an arbitration award). To hold otherwise would deprive the arbitrating parties of the traditional remedies available to them.[2]

Moreover, we do not believe that the legislature meant for section 17-42-107(b) to be applied to a petition to confirm an arbitration award. The statute's language provides that a salesperson, associate broker, or executive broker may not "sue" to recover a commission. Use of the term "sue" indicates that the legislature intended to prohibit litigation in court. Arbitration, however, is a form of alternative dispute resolution outside of conventional litigation. *See* Edward Dauer, *Manual of Dispute Resolution* § 5.02 (1994). Furthermore, the confirmation of an arbitration award is a continuation of the arbitration process rather than a lawsuit in the ordinarily understood sense, as shown by our earlier citation of Ark. Code Ann. § 16-108-211 (1987) and Ark. Code Ann. § 16-108-217 (Supp. 2005). Thus, it seems unlikely that, in using the word "sue," the legislature meant to include any aspect of arbitration.

Furthermore, the confirmation of an arbitration award cannot be likened to filing suit. It has been described as a mere summary proceeding whereby the court converts an arbitration award into a final judgment. *See* 6 C.J.S. *Arbitration* § 181 (2004). It is not a trial or a separate proceeding but a means for enforcement of an unsatisfied award. *See* 6 C.J.S. *Arbitration* §§ 178, 181 (2004).

In light of the foregoing, we uphold the trial court's confirmation of appellees' arbitration award and the entry of judgment thereon. Although we have employed a line of reasoning that differs somewhat from that used by the trial court, we note that our review of this statutory-interpretation issue is de novo. *Perkins, supra.* Additionally, the trial court may be affirmed if it is correct for any reason. *Fritzinger v. Beene*, 80 Ark. App. 416, 97 S.W.3d 440 (2003).

■ On cross-appeal, appellees argue that the trial court should have awarded them an attorney's fee pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999). Subsection (a)(1) of that statute

---

[2] Appellant argues that appellees could have pursued a different remedy in the form of a disciplinary action against him before the Arkansas Real Estate Commission. *See* Ark. Code Ann. §§ 17-42-311(a)(6), (13) (Supp. 2005); Ark. Code Ann. § 17-42-406 (Repl. 2001). Even if such a remedy were available, however, we construe section 17-42-107(b) to allow appellees to complete the process that they had begun in arbitration.

provides for an award of an attorney's fee where there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney. Subsection (b) provides that, in order to find a lack of a justiciable issue, the court must determine that the action or claim:

> was commenced, used, or continued in bad faith solely for purposes of harassing or maliciously injuring another or delaying adjudication without just cause or that the party or the party's attorney knew, or should have known, that the action, claim, setoff, counterclaim, or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.

Subsection (d) of the statute provides that, on appeal, the question as to whether there was a complete absence of a justiciable issue shall be determined de novo on the record of the trial court alone.

After reviewing the record, we decline to hold that there was a complete absence of a justiciable issue in this case. While appellees contend that appellant raised "new arguments" in circuit court for the purpose of delay, appellant actively pursued only one of those arguments, that being the applicability of section 17-42-107(b). That statute has not, until today, been interpreted by our courts; further, the language of the statute is sufficiently unclear that a party or his attorney would be justified in making an argument regarding its meaning. In the present case, appellant's interpretation of section 17-42-107(b) is not unjustified but merely incorrect.

Appellees also contend that appellant was dilatory in not raising his argument concerning section 17-42-107(b) until the case came to circuit court. However, as appellant explains, he willingly participated in the arbitration proceedings, and his objection was that section 17-42-107(b) prohibited appellees' presence in court. A motion to dismiss prior to the circuit-court proceeding would therefore have been premature. Under these circumstances, we uphold the trial court's decision not to award appellees an attorney's fee.

Affirmed.

GRIFFEN and BAKER, JJ., agree.