KAREN R. BAKER, Justice, dissenting. I agree with Justice Goodson’s dissent, and I join it. I write separately for two reasons. hsFirst, I write to emphasize that the majority failed to review the Commission’s decision with our proper standard of review—in the light most favorable to the Commission. Second, I write to emphasize that the majority has misconstrued our holding in ERC Contractor Yard & Sales v. Robertson, 335 Ark. 63, 977 S.W.2d 212 (1998), and in doing so, completely abrogated the statutory presumption set out in Ark.Code Ann. § 11—9— 102(4)(B)(iv)(d). First, with regard to reviewing the Commission’s decision, the majority erroneously reviews the evidence in the light most favorable to Prock. The majority goes to great lengths to discuss Prock’s testimony and five other witnesses who support Prock’s position. The majority summarizes the evidence by stating, The above evidence can be summarized by concluding that no one saw Prock intoxicated on the day of the accident, no one saw him ingest anything, no one had seen him impaired in any way at work on prior occasions, and most importantly, that he performed a task that he had been asked to in the same manner in which he had habitually performed in it in the past. After a review of the Commission’s decision, we conclude that the Commission arbitrarily disregarded any testimony that supported Prock’s claim in addition to twisting, or leaving out of its opinion altogether, certain testimony that supported Prock. However, these statements illustrate the flaw in the majority’s analysis and demonstrate a fundamental misunderstanding of this court’s proper role when reviewing the Commission’s decision in a workers’ compensation case. We must review the evidence in the light most favorable to the Commission, not the evidence that supports the claimant. Estridge v. Waste Mgmt., 343 Ark. 276, 278, 33 S.W.3d 167, 169 (2000) (internal citations omitted) (“We view the evidence in a light most favorable to the Commission’s decision, and we uphold that Indecision if it is supported by substantial evidence.”); see also Hapney v. Rheem Mfg. Co., 342 Ark. 11, 17-18, 26 S.W.3d 777, 781 (2000) (internal citations omitted) (“Our standard of review requires us to consider whether a reasonable person could come to the same conclusion, and we will not reverse the Commission’s decision unless we are convinced that fair-minded persons with the same set of facts before them could not have reached the conclusions arrived at by the Commission. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission’s conclusion, we must affirm its decision.”). Accordingly, our standard of review in Prock’s case is, when the evidence is viewed in the light most favorable to the Commission’s decision, whether reasonable minds could reach the Commission’s conclusion; if so, we must affirm its decision. Second, the majority misconstrues this court’s holding in ERC that there must be a direct causal link between the illegal drug use and the accident in order for the accident to be noncompénsable. The majority states “[Ujnder Arkansas law, a workplace injury that is substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of a physician’s order is not compensa-ble. See Ark.Code Ann. § 11—9— 102(4)(B)(iv)(a) (Repl.2012); see also ERC Contractor Yard & Sales, 335 Ark. 63, 977 S.W.2d 212 (explaining that ‘substantially occasioned’ means that there must be a direct causal link between the use of illegal drugs and the injury or accident).” This statement misconstrues the holding of ERC. In ERC, the Commission found that the claimant’s injury was compensable because he had overcome the statutory presumption. Despite the claimant’s having had a very 12nSmall amount of alcohol in his system, it was undisputed that his injury resulted from alcohol-withdrawal syndrome rather than alcohol use. We affirmed the Commission’s decision that the claimant had successfully rebutted the presumption. The language in ERC cited by the majority is found in the discussion of ERC’s second argument regarding causation, which did not even relate to the holding affirming the Commission’s finding that the statutory presumption had been overcome by the claimant. Instead, the discussion was directed at ERC’s argument that, even if the statutory presumption had been overcome, in the claimant’s unique circumstances, a direct causal link still existed between his alcohol use and his injury: According to ERC, the causal connection is established by the following sequence of events: but for [the claimant’s] long-term use of alcohol, he would not have suffered an alcohol withdrawal seizure, and but for the seizure he would not have suffered a fall. In order to address this argument, we must construe the phrase “substantially occasioned by the use of alcohol” in Ark.Code Ann. § 11-9-102(5)(B)(iv). As previously stated, we look first at the plain language of the statute and, giving the words their plain and ordinary meaning, construe the statute just as it reads. Leathers v. Cotton, 332 Ark. 49, 961 S.W.2d 32 (1998); Vanderpool [v. Fidelity & Casualty Ins. Co., 327 Ark. 407, 939 S.W.2d 280 (1997) ]. ... We ... conclude that the plain and ordinary meaning of the phrase “substantially occasioned by the use of alcohol” requires that there be a direct causal link between the use of alcohol and the injury in order for the injury to be noncompensable. To conclude otherwise would involve the addition of words that do not appear in the text of Ark. Code Ann. § ll-9-102(5)(B)(iv). ERC, 335 Ark. at 70-71, 977 S.W.2d at 215-16. Accordingly, this portion of our discussion in ERC addresses an argument made in that case, but does not change our longstanding interpretation of the rebuttable statutory presumption. It does not even concern the statutory presumption, and it is not applicable Inhere. The presence of an illegal drug in Prock’s system triggered the presumption that his injury was substantially occasioned by Prock’s use of the illegal drugs. No other causal link is needed. GOODSON, J., joins.