KAREN R. BAKER, Justice, dissenting. I dissent from the majority opinion for the same reasons stated in my dissent in Prock v. Bull Shoals Boat Landing, 2014 Ark. 93, 431 S.W.3d 858 (Baker, J., dissenting). GOODSON, J., joins. COURTNEY HUDSON GOODSON, Justice, dissenting. . I dissent in this case for much the same reasons that I dissent in the companion case of Prock v. Bull Shoals Landing, 2014 Ark. 93, 481 S.W.3d 858 (Goodson, J., dissenting). As in Prock, the majority disregards the standard of review and, specifically in this case, misconstrues the statutory presumption. By statute, it is presumed that the accident was substantially occasioned by the use of marijuana, given Edmisten’s positive test for that substance. Ark.Code Ann. § 11 — 9—102(4)(B)(iv)(6) (Repl.2012). Therefore, it was not necessary for there to be proof that anyone saw Edmisten in an intoxicated state on the day of the accident. Instead, the burden was squarely on Edmisten to rebut the presumption by proving by a preponderance of the |17evidence that the accident was not substantially occasioned by the use of marijuana. Ark.Code Ann. 11-9-102(4)(B)(iv)(d). On appeal, this court is not concerned with the preponderance-of-the-evidence standard of proof that Edmisten shouldered below. Whether the rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. ERC Contractor Yard & Sales v. Robertson, 335 Ark. 63, 977 S.W.2d 212 (1998). Therefore, the only question on appeal is whether there is substantial evidence to support the Commission’s decision that Edmisten failed in his burden of rebutting the presumption. See Ester v. Nat’l Home Ctrs., Inc., 335 Ark. 356, 981 S.W.2d 91 (1998). The testimony in this case was conflicting at every turn, and the Commission resolved those conflicts against Edmisten, finding in particular that his testimony denying marijuana use on the day of the accident was not worthy of belief. It is most certainly not an arbitrary disregard of testimony for the Commission to discount the testimony of co-workers that Edmisten was not known to be under the influence of marijuana at work. The critical issue was whether Edmisten was so affected on the date and at the time of the accident. No co-worker observed Edmisten just before the accident occurred, other than Prock, who also tested positive for marijuana and whose testimony the Commission refused to believe. As such, the Commission was not required to give weight to the co-workers’ testimony. The Commission in this case weighed the testimony offered by Edmisten to establish that he was not under the influence of marijuana and the testimony that Prock routinely used an acetylene torch to open barrels against the test result showing the presence of marijuana in Edmisten’s body. The Commission also gave credence to Steve Eastwold’s testimony that 11sEdmisten and Prock were riding in Prock’s personal vehicle and coming from an area where no work activities took place approximately one hour before the explosion. Based on the evidence, the Commission could find that using an acetylene torch to open a barrel, without sufficiently checking its contents and without venting the barrel, was evidence of carelessness and thus .impairment. Consequently, the Commission’s finding that Edmisten failed to rebut the statutory presumption is supported by substantial evidence. Under the law, this court should affirm the Commission’s decision. BAKER, J., joins.