

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-515

|  |  |  |
|---|---|---|
| BILL HELTON | | **Opinion Delivered:** September 6, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-15-2] |
| V. | | |
| | | |
| JOSEPH D. CALHOUN, LTD. D/B/A CALHOUN LAW FIRM | | HONORABLE MIKE MURPHY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Bill Helton appeals the Faulkner County Circuit Court order denying his motion to dismiss and to set aside a judgment confirming an arbitration award in favor of Joseph D. Calhoun, LTD (Calhoun). On appeal, Helton argues that the circuit court erred in confirming the award because (1) he did not receive a proper summons of the petition; (2) the Arkansas Arbitration Act (AAA) is unconstitutional; (3) he did not enter into a valid agreement to arbitrate; and (4) Faulkner County was an improper venue for the petition. We affirm.

Helton retained Calhoun to represent him in an infringement lawsuit. Their fee agreement provided that

> [a]ny fee dispute or other controversy arising out of or relating to this engagement must be resolved by the first-initiated binding arbitration (by ADR, Inc., and its

rules) or court proceeding administered in Little Rock; and judgment upon any arbitration award may be enforced in any court having jurisdiction.

After the infringement lawsuit had concluded, Helton refused to pay Calhoun, and Calhoun filed an arbitration complaint with ADR, Inc., in Little Rock, alleging that Helton owed him more than $30,000 in attorney's fees.[1] On November 13, 2013, the arbitrator served Helton with Calhoun's arbitration complaint and provided notice that a response must be submitted by December 16, 2013.

On December 13, 2013, Helton submitted a response by fax. In the response, Helton disagreed with the fee amount he owed to Calhoun. On March 17, 2014, the arbitrator mailed Helton a letter notifying him of an April 1, 2014 hearing. On March 31, 2014, Calhoun initiated a conference call with Helton and the arbitrator. In the call, Helton denied receiving notice of the April hearing date and informed the arbitrator that he did not intend to attend the hearing. The arbitration hearing occurred on April 1, 2014. On October 3, 2014, the arbitrator entered a judgment awarding Calhoun $43,278.82 in attorney's fees with interest, as well as costs and expenses to be incurred in collecting the judgment. The arbitrator sent Helton a copy of the judgment the same day.

On January 5, 2015, Calhoun filed a petition for registration of a foreign judgment in the Faulkner County Circuit Court. Calhoun informed the court of the arbitration award and asked the court to register the judgment. On that same day, the Faulkner County Circuit Clerk sent Helton notice of the petition by certified mail along with a copy of the arbitration award. In the January 5, 2015 letter, the clerk incorrectly referenced the arbitration

---

[1]Calhoun also filed the arbitration complaint against three other defendants—Harold Helton, Jennifer Hurst, and Leon Helton; however, they are not parties to this appeal.

judgment as a judgment from the Pulaski County Circuit Court. Therefore, on January 8, 2015, the clerk sent Helton by certified mail a corrected letter stating that an arbitration award from ADR, Inc., in Pulaski County had been filed in the Faulkner County Circuit Court. The court set a hearing date for March 3, 2015. On February 3, 2015, Calhoun sent notice of the hearing date to Helton by regular mail.

Helton did not appear at the March 3 hearing, and the court orally noted that Helton had been notified of the proceedings by both regular mail and certified mail. On the same day as the hearing, the circuit court entered an order confirming the arbitration award. On March 9, 2015, Calhoun served Helton with the confirmation order by certified mail.

On July 27, 2015, Helton filed a motion to dismiss and to set aside the arbitration judgment. In the motion, he argued that the court should set aside its confirmation of the judgment because (1) he did not receive a proper summons along with the petition; (2) the AAA is unconstitutional; (3) he did not enter into a valid agreement to arbitrate; and (4) Faulkner County was an improper venue for the petition. Following a hearing, on March 28, 2016, the court entered an order denying Helton's motion to dismiss and ordering him to provide Calhoun with a verified schedule of all his real and personal property. Helton timely appealed the order to this court.

On appeal, Helton first argues that the circuit court erred in confirming the award because he did not receive a summons along with Calhoun's petition. He claims that section 205 of the AAA applies to the petition and that section 205(b) requires a summons pursuant to Arkansas Rule of Civil Procedure 4. We need not decide whether section 205 applies to the instant petition because section 205 does not require a summons. Section 205 provides

that "notice of an initial motion to the court under this subchapter must be served in the *manner* provided by law for the *service* of a summons in a civil action." Ark. Code Ann. § 16-108-205(b)(Repl. 2016)(emphasis added).[2]

Helton claims that if the AAA does not require a summons, the AAA violates his procedural due-process rights. He cites caselaw that holds that strict compliance with the Rule 4 requirements for a summons is necessary to satisfy due-process requirements. *See, e.g., Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996). However, Helton has failed to cite any authority that a Rule 4 summons applies to a petition for confirmation of an arbitration award, and his constitutional argument is undeveloped. We will not reverse when a point on appeal is unsupported by convincing arguments or sufficient citation to legal authority. *Ressler v. State*, 2017 Ark. App. 208, 518 S.W.3d 690. We further note that this court has stated that "[a]rbitration . . . is a form of alternative dispute resolution outside of conventional litigation." *Keahey v. Plumlee*, 94 Ark. App. 121, 226 S.W.3d 31 (2006) (holding that Ark. Code Ann. § 17-42-107(b)(Supp. 2005), which states that no executive or associate broker may sue for commission unless the action is against the principal broker, did not prevent appellant from filing a petition to confirm an arbitration award against a nonprincipal broker) (citing Edward Dauer, *Manual of Dispute Resolution* § 5.02 (1994)). "[T]he confirmation of an arbitration award is a continuation of the arbitration process rather than a lawsuit in the ordinarily understood sense." *Id*. The confirmation of an

---

[2]Helton also argues that the petition was defective because the letter from the Faulkner County Clerk notifying him of the petition erroneously stated that a foreign judgment from Pulaski County had been filed in Faulkner County. However, the clerk sent Helton a corrected notice by certified mail that stated that an arbitration award obtained in Pulaski County had been filed in Faulkner County.

arbitration award cannot be likened to filing suit, and it has been described as a mere summary proceeding whereby the court converts an arbitration award into a final judgment. *Id.* (citing 6 C.J.S. *Arbitration* § 181 (2004)). "It is not a trial or a separate proceeding but a means for enforcement of an unsatisfied award." *Id.* (citing 6 C.J.S. *Arbitration* §§ 178, 181 (2004)). Accordingly, we reject Helton's unsupported, undeveloped argument that the AAA violates his due-process rights because it does not require a summons pursuant to Rule 4.

Helton next argues that the circuit court erred in confirming the award because no valid agreement to arbitrate existed. He points out that the arbitration provision in the contract provided that a fee dispute must be settled through arbitration *or* a court proceeding in Little Rock. He claims that the provision is ambiguous and that Calhoun should have filed a motion to compel arbitration pursuant to section 207 of the AAA.

Subsection 207(a)(2) provides that "on a motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement . . . the court shall proceed summarily to decide the issue [and i]f the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate." Ark. Code Ann. § 16-108-207(a)(2) (Repl. 2016). However, in this case, Helton did not refuse to participate in the arbitration proceeding. Instead, he responded to Calhoun's petition for arbitration on December 13, 2013, and contested only the amount of fees he owed to Calhoun. Thus, because Helton did not refuse to arbitrate, the AAA did not require Calhoun to file a motion to compel arbitration under section 207.

Helton lastly argues that Faulkner County was an improper venue for the petition because the arbitration agreement provides that disputes must be resolved through an action

in Little Rock, which is located in Pulaski County, not Faulkner County. Helton's argument is misplaced. The agreement provides that a fee dispute must be resolved by "the first-initiated binding arbitration (by ADR, Inc., and its rules) or court proceeding administered in Little Rock; and judgment upon any arbitration award may be enforced in any court having jurisdiction." Calhoun filed the petition in Faulkner County to confirm the award, not to initiate the proceedings. Accordingly, the arbitration agreement did not prevent Calhoun from filing the confirmation petition in Faulkner County.

Therefore, we affirm the circuit court's order denying Helton's motion to dismiss and to set aside the judgment confirming the arbitration award.

Affirmed.

GRUBER, C.J., and HARRISON, J., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Luther Sutter*, for appellant.

*Calhoun Law Firm*, by: *Joe D. Calhoun*, for appellee.